Staub, Appellant, *v.* Tehol Corporation.

Argued March 8, 1965.   Before Ervin, P. J., Wright, Watkins, Montgomery, Jacobs, and Hoffman, JJ. (Flood, J., absent).

*J. Edward Pawlick,* for appellant.

*Donald B. Waltman,* for appellee, submitted a brief.

Opinion by Montgomery, J., June 17, 1965:

This appeal arises from an action of assumpsit originally brought on a general warranty clause in a deed from appellee-defendant to appellant-plaintiff conveying an improved property in the City of York, Pennsylvania.   The plaintiff alleged that the covenant of

general warranty had been breached by the defendant in withholding from him information to the effect that the building inspector of the City of York had given him notice prior to the delivery of the deed that one wall of the building was unsafe and in danger of falling, constituting a violation of the building code of that city.

Defendant filed preliminary objections to the original complaint which set forth first, that there was pending an equity action in York County in which defendant was seeking to have the aforesaid deed reformed by having inserted therein that "Seller makes no warranty as to the condition of the improvements," so as to conform to the agreement of sale previously executed by the parties; and secondly, that the complaint did not sufficiently specify the items of damage claimed. Later, at the argument of these objections, the court suggested and allowed, nunc pro tunc, defendant to add to its preliminary objections a third reason, that the complaint failed to state a cause of action. Thereafter, the objections were sustained and leave given to plaintiff to file an amended complaint.

Plaintiff's amended complaint alleged that the deed of general warranty had been made "with intent to deceive and defraud the Plaintiff, the said Defendant falsely and fraudulently failed to disclose to the Plaintiff that the City of York had demanded that repairs be made to the building, although the defendant knew that the plaintiff planned to use said building." He also changed the allegations as to his damages. However, he did not change the form of action to trespass as he should have done if he intended to rely on fraud and not breach of warranty. *Korona v. Bensalem,* 385 Pa. 283, 122 A. 2d 688 (1956).

Defendant filed preliminary objections to the amended complaint, which again alleged the pendency of the prior equity action, the insufficiency of the allegations

as to damages and that the allegation of fraud was not sufficiently specific. Its objections were again sustained on the sole ground that the allegation of fraud did not sufficiently state a cause of action.

This record leaves much to be desired, particularly since both litigants address themselves in their briefs to the question of whether there was a breach of the general warranty clause of the deed and neither discuss the issue of fraud and deceit. The question of breach of warranty was disposed of by the lower court in sustaining defendant's first preliminary objections and there was no appeal from that action. On the contrary, plaintiff availed himself of the privilege of filing an amended complaint in which he appears to have based his claim solely on fraud and deceit, although he does again allege the general warranty provision of his deed.

Without deciding whether the plaintiff may proceed on the theory of breach of warranty or is limited to an action in tort for fraud and deceit, and in order that he may not be summarily precluded from any cause of action he might possibly have with respect to the matter complained of in his complaint, we are disposed to vacate the order dismissing his amended complaint and to grant him a further opportunity to amend it, after final disposition is made of the equity proceeding. Plaintiff's claim, whether in tort for fraud or in assumpsit for breach of warranty, depends on whether he should have taken title to the property with or without a warranty as to the condition of the improvements.

Therefore, the orders of the lower court sustaining defendant's preliminary objections and dismissing plaintiff's complaint and amended complaint are vacated; and said court is directed to lift its suspension of the equity action at No. 18 May Term, 1963, and to permit same to proceed to trial; and it is further ordered that plaintiff-appellant herein be permitted to again amend

his complaint following the final outcome of said equity action without prejudice to defendant-appellee to file preliminary objections or an answer thereto.

We take this action under our inherent power to assure the proper administration of justice in this case. 10 P.L.E., Courts, §12, and cases cited therein.

Appeal sustained and record remitted to the court below for further action in conformity with this opinion.