436 A.2d 695

**William GILLESPIE, Appellant,**

v.

**Harry VECENIE and Transport Motor Express, Inc.**

Superior Court of Pennsylvania.

Argued Nov. 11, 1980.

Filed Oct. 30, 1981.

Thomas W. Brown, Pittsburgh, for appellant.

Harry Stump, Pittsburgh, for Vecenie, appellee.

Robert G. Simasek, Pittsburgh, for Transport Motor, appellee.

Before HESTER, BROSKY and VAN der VOORT, JJ.

VAN der VOORT, Judge:

This is an action in trespass to recover damages for personal injuries sustained by plaintiff-appellant. Appellant was injured on August 10, 1978 at about 7:00 P.M. in a parking lot allegedly owned by defendant-appellee Transport Motor Express, Inc. (hereafter referred to as Transport). Appellant, an employee of Transport had a few minutes earlier "punched out" on the employer's time clock. The other defendant-appellee, Vecenie, was a dispatcher in the employ of Transport. It is alleged that an altercation occurred between Vecenie and appellant involving the "punching out" procedure; Vecenie followed appellant into the parking lot where he attacked him both verbally and physically.

The appellees filed Preliminary Objections in the nature of a demurrer to the original complaint; the complaint was amended. Preliminary objections were again filed and the Complaint was again amended. A third set of Preliminary Objections was filed, and briefs were submitted, after which Judge Del Sole sustained the objections and dismissed the complaint. The present appeal is from that order dated December 18, 1979.

Judge Del Sole's order is supported by his opinion which states, in effect: (1) that the common-law action in trespass by an employee against a fellow employee and against his employer is barred by the Pennsylvania Workmen's Compensation Act;[1] (2) that, in any event, Vecenie's intentional assault upon the appellant cannot be charged vicariously to the employer; and (3) further, that the employer's liability, if any, to appellant by reason of a failure to provide him a safe place to work, similarly, gives appellant a remedy only under the Workmen's Compensation Act (hereafter referred to as the Act).

■ The lower court relied on 77 P.S. § 411(1), which provides as follows:

1. Judge Del Sole's opinion recites that "the Court takes notice of findings of fact and award by the Workmen's Compensation Referee". (Opinion, p. 2).

The terms "injury" and "personal injury" as used in this Act, shall be construed to mean an injury to an employee, . . . arising in the course of his employment and related thereto. . . The term "injury arising in the course of his employment" as used in this article *shall not include an injury caused by an act of a third person intended to injure the employee because of reasons personal to him, and not directed against him as an employee or because of his employment*; but shall include all other injuries sustained while the employee is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employee, who though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employee's presence thereon being required by the nature of his employment.

(Emphasis added)

The trial court found that the altercation was precipitated by the wash up and punch out procedure; therefore it held that the attack was not motivated by purely personal reasons. Accordingly, the court found that appellant was limited to his remedies under the Act. *Dolan v. Linton Lunch*, 397 Pa. 114, 152 A.2d 887 (1959). The court additionally reasoned that Transport could not be sued for failure to provide a safe working place because that kind of action was also covered by the Act.

Under the decided cases, particularly *Mike v. Borough of Aliquippa*, 279 Pa.Super. 382, 421 A.2d 251 (1980), which contains an extensive review of the case law, we find that the averments of the last amended complaint are sufficient, if eventually proven by competent evidence, to permit a common-law recovery in tort against the employer. The complaint, as last amended, avers, among other things, in paragraphs 6–11, that an altercation began about 6:45 P.M.

on August 10, 1978, between appellant and Vecenie; and in paragraphs 13–6, that at about 7:00 P.M. (as had occurred on other prior occasions) Vecenie threatened appellant; but unlike previous times, Vecenie, actually attacked appellant in the parking lot because of:

"pure personal hatred toward the plaintiff . . ."; "personal animosity . . . in no way resulted [sic] out of a relationship between an employer and an employee or . . . between two co-employees"; saying ". . . this has nothing to do with the job, this is between us."

We recognize that averments of personal hatred and animosity, and the negative conclusion that the attack "has nothing to do with the job" may be difficult to prove at trial, but we find that the lower court improperly concluded as a matter of law:

"that the injury he sustained . . . were [sic] work related"; that

"the activities precipitating the altercation . . . arose out of the employment between the parties, namely the punching of a time card and washing up"; that

"[t]his was not an attack . . . for purely personal reasons . . . ."

(Opinion pp. 2–3).

"[A] physical attack following a long running feud between two employees has been held to be 'personal', even though the initial spark for the animosity was work-related." 279 Pa.Super 382 at 390, 421 A.2d 251 at 255.

▮ We also must reject the conclusion of the court below that Transport cannot be vicariously liable because of the actions of Vecenie since they are alleged to be intentional. *Mike*, supra, allowed recovery against a municipality for permitting the plaintiff-employee to become the victim of a violent beating; the employer had failed to provide the victim with a safe working place. While the proof at trial may be difficult, we believe that appellant must be given an opportunity to prove, if he can, a basis of liability against

Transport as averred in paragraphs 23 and 24 of the amended complaint.[2]

With respect to the claim against Vecenie, the appellant has stated a clear basis of liability, unless a legal action is barred by the Act. The applicable provision is 77 P.S. § 72, which reads:

If disability or death is compensable under this Act, a person shall not be liable to anyone at common law or otherwise on account of such disability or death for any act or omission occurring while such person was in the same employ as the person disabled or killed, *except for intentional wrong*.

(Emphasis added)

If, as appellant alleges in Paragraph 28 of the Complaint Vecenie's attack upon him was "willful, malicious, vicious, and violent", the underscored exclusion in § 72 would be applicable.

■ Vecenie argues that the Workmen's Compensation Referee made an adjudication that appellant's injury was "a

2. 23. The injuries and damages sustained by the Plaintiff, WILLIAM GILLESPIE, were the direct and proximate result of the reckless, careless, negligent and wanton misconduct of the Defendant, Transport Motor Express, Inc., a corporation in the following respects:

a. In failing to provide a safe place for Plaintiff to work and for the Plaintiff to leave the premises in a safe manner;

b. In failing to provide adequate protection for the person of Plaintiff while lawfully on the Defendant's premises;

c. In inviting Plaintiff upon its premises and failing to safeguard his rights;

d. In failing to keep the Defendant, Harry Vecenie, from assaulting employees going to or coming from work when the Defendant knew or in the exercise of reasonable care should have known that the said Defendant, Harry Vecenie had a vicious propensity for attacking fellow employees and had in fact been guilty of similar previous assaults upon other employees;

e. In failing to properly police and supervise its premises so that Plaintiff could safely leave the premises without interference or undergo any vicious assaults by their employee, the Defendant, Harry Vecenie.

24. The Defendant, Transport Motor Express, Inc., is not liable under the Doctrine of Respondeat Superior, but as stated above, is liable for its negligence in allowing a vicious Defendant, Harry Vecenie to do the acts complained of in the Complaint.

result of a negligent act", and that appellant is now estopped from establishing an intentional wrong as he failed to appeal such finding. We find no indication on the record that the Referee adjudicated that the injury was "a result of a negligent act." The exhibit attached to Vecenie's Preliminary Objections is the Referee's findings on Transport's petition to terminate the Workmen's Compensation Agreement because appellant's disability had ceased. The Second Finding of Fact recites that "claimant was accidentally injured on August 10, 1978. . . ." Under rules applicable to Workmen's Compensation matters, a set of circumstances may constitute a compensable "accident" as between employer and employee, even though the injury to the employee resulted from the intentional wrongdoing of some third person. See, for example, *Repco Products Corp. v. WCAB*, 32 Pa.Cmwlth. 554, 379 A.2d 1089 (1977).

Though, we find a cause of action stated against both defendants, we are foreclosed, by the record from giving the lower court definitive guidance. The record is somewhat contradictory and incomplete as to what action was taken pursuant to the Act. Attached as an exhibit to appellant's reply to the first set of preliminary objections is a "Notice of Workmen's Compensation Denial" dated November 13, 1978.[3] Appellees' final preliminary objections are accompanied by copies of a Referee's findings of fact and conclusions of law on a "Termination Petition." The Referee found that a "Compensation Agreement" was entered into by the parties on June 18, 1979. The initial complaint was filed on April 23, 1979. We are unable, from the state of the record, to determine whether Gillespie is barred, by an agreement, from proceeding in tort against Transport. Nor is the record dispositive as to whether appellant and/or Transport have waived rights and/or defenses by their failure to appeal rulings concerning a Workmen's Compensation claim. Nonetheless, we are confident, on the state of the record, that appellant should be permitted the opportunity to prove his case against Vecenie.

3. The claim was denied because the "disability [was] not related to employment".

 When an injury has been compensated under the Act, then the Act, 77 P.S. § 481, would prohibit the claiming against the employer. An employee may sue a third party whose conduct caused an injury; but neither the employee nor the third party may join an employer in such suit. See *Atkins v. Urban Redevelopment Auth.*, 263 Pa.Super. 37, 396 A.2d 1364 (1979).[4]

The order of the lower court is vacated, the complaint is reinstated and the record is remanded to the lower court with directions to proceed not inconsistent with this Opinion.

---

4. For a contrary result, prior to the 1974 Amendment to the Act, see *Socha v. Metz*, 385 Pa. 632, 123 A.2d 837 (1956); and *Burke v. Duquesne Light Co.*, 231 Pa.Super. 412, 332 A.2d 544 (1974).