465 A.2d 19

### Gerald L. SCANTLIN, Appellant,

v.

### Richard H. ULRICH, individually, and d/b/a Richard H. Ulrich Assembly.

Superior Court of Pennsylvania.

Argued April 13, 1983.

Filed Aug. 19, 1983.

---

408

David C. Raker, Williamsport, for appellant.

Richard A. Gray, Williamsport, for appellee.

Before HESTER, CAVANAUGH and POPOVICH, JJ.

POPOVICH, Judge:

On March 11, 1981, appellant, Gerald L. Scantlin, filed a complaint in trespass against appellee, Richard H. Ulrich, individually, and also appellee's company, Richard H. Ulrich

Assembly. The first two counts of the complaint alleged that appellant was injured because of appellee's deliberate, wilfull, and malicious act. The third and fourth counts alleged appellee's gross negligence. On June 5, 1981, appellee filed a motion for judgment on the pleadings. The trial court found that appellant's injury was covered by his employer's workmen's compensation insurance and that appellant received benefits thereunder from March 17, 1979, through November 9, 1980. The court below found that the Pennsylvania Workmen's Compensation Act[1] provided appellant's exclusive remedy and, accordingly, granted appellee's motion for judgment on the pleadings. This appeal followed. We affirm.

In *Eberhart v. Nationwide Mutual Insurance Co.*, 238 Pa.Super. 558, 362 A.2d 1094 (1976), we stated:

"When ruling on a defendant's motion for judgment on the pleadings, the complaint, the answer containing new matter, and the reply to new matter shall be considered. *Herman v. Stern*, 419 Pa. 272, 276 n. 1, 213 A.2d 594, 596 n. 1 (1965). Further, as this Court stated in *Kroiz v. Blumenfeld*, 229 Pa.Super. 194, 197, 323 A.2d 339, 340 (1974):

'The standards for determining whether a judgment on the pleadings should be allowed are clear.... All of the opposing party's well pleaded *facts* must be accepted as true. *Bata v. Central Penn National Bank*, 423 Pa. 373, 224 A.2d 174 (1966); *Herman v. Stern*, 419 Pa. 272, 213 A.2d 594 (1965). A judgment on the pleadings should be granted only when a case is free from doubt and a trial would be a fruitless exercise. *Blumer v. Dorfman*, 447 Pa. 131, 289 A.2d 463 (1972).' (Emphasis in original)."

*Id.*, 238 Pa.Superior Ct. at 560, 362 A.2d at 1095.

Appellant contends that his receipt of workmen's compensation benefits does not preclude him from pursuing an

1. Act of June 2, 1915, P.L. 736, as amended (77 P.S. § 1 *et seq.*).

action at common law to recover for injuries intentionally caused by his employer. Appellant relies on *Mike v. Borough of Aliquippa*, 279 Pa.Super. 382, 421 A.2d 251 (1980), where we held that an employee's prior receipt of workmen's compensation benefits did not bar a common law action against his employer to recover damages for injuries intentionally inflicted by a third party. In *Mike*, a borough police officer was severely beaten by township constables in the borough police station in the presence of the assistant police chief of the borough. We analyzed the relevant provisions of the Workmen's Compensation Act as follows:

"The act provides the workman a measure of protection against all injuries 'arising in the course of his employment and related thereto.' Sec. 301(c), (77 P.S. § 411). 'By virtue of the Act, an employee's common law right to damages for injuries suffered in the course of his employment as a result of his employer's negligence is completely surrendered in exchange for the exclusive statutory right of the employee to compensation for all such injuries, regardless of negligence, and the employer's liability as a tortfeasor under the law of negligence for injuries to his employee is abrogated.' *Socha v. Metz*, 385 Pa. 632, 637, 123 A.2d 837, 839–40 (1956); *Turner Construction Co. v. Hebner*, [276] Pa.Super. [341], 419 A.2d 488 (1980). The Act provides an important exception to this rule, however:

The term 'injury arising in the course of his employment', as used in this article, shall not include an injury caused by an act of a third person intended to injure the employe because of reasons personal to him, and not directed against him as an employe or because of his employment. § 301(c), supra.

This definition specifically excludes from the Act's coverage an assault or attack by third persons because of personal animosity against the employee and which does not result because of the relationship between employer and employee. 'In such a case, the plaintiff is permitted

to pursue his common law remedy.' *Dolan v. Linton's Lunch,* 397 Pa. 114, 125, 152 A.2d 887, 893 (1959); *McBride v. Hershey Chocolate Corp.,* 200 Pa.Super. 347, 188 A.2d 775 (1963); *Workmen's Compensation App. Bd. v. Borough of Plum,* 20 Pa.Cmwlth. 35, 340 A.2d 637 (1975)."

*Mike, supra,* 279 Pa.Superior Ct. at 387, 388, 421 A.2d at 253, 254. Officer Mike based his trespass action on the failure of the borough to provide him with a safe working place. More particularly, he alleged that the borough was negligent in failing to foresee the attack and to take steps to stop the assault. We found that there was sufficient evidence to sustain the jury's finding that the attack on Officer Mike was motivated by personal reasons, and that the borough should have foreseen the possibility of violent acts by the constables. We held that in order to prevent a double recovery, the amounts received by Mike as workmen's compensation would be credited against any recovery from the negligence action.

In granting judgment on the pleadings in the instant case, the lower court relied on *Gillespie v. Vecenie,* 292 Pa.Super. 11, 436 A.2d 695 (1981), where an employee, Gillespie, sued his employer and a co-worker for personal injuries sustained because of an intentional attack on the employee by the co-worker. The trial court sustained preliminary objections to the complaint and dismissed the suit holding that the attack was work related and, furthermore, that the employer could not be vicariously liable for the actions of an employee. We reversed, following *Mike v. Aliquippa,* finding that the complaint alleged that the attack was caused by:

" 'Pure personal hatred toward the plaintiff . . .': 'Personal animosity . . . in no way resulted [sic] out of a relationship between an employer and an employee or . . . between two co-employees' . . . saying '. . . this has nothing to do with the job, this is between us.' " *Gillespie, supra,* 292 Pa.Superior Ct. at 15, 436 A.2d at 697.

We held that the employee had to be given the opportunity to prove the averments in his complaint regarding the employer's failure to provide a safe work place.

■ The lower court in the present case mistakenly relied on a statement made at the end of *Gillespie* to the effect that after an injury had been compensated under the Workman's Compensation Act, an employee could not join his employer in a suit against a third party. However, this statement immediately followed our holding that Gillespie clearly should be permitted the opportunity to prove his case against his co-worker despite certain inadequacies in the record which might affect Gillespie's action against his employer for failing to provide a safe work place. The statement was obviously meant to clarify the previously stated position that an employer cannot be vicariously liable for the intentional acts of his employee. Rather, when an employee's intentional act, motivated by personal reasons, was foreseeable by the employer, the employer may be liable on a negligence theory for not providing a safe work place. Although the court below disposed of this case on the basis that *Gillespie* overruled *Mike, supra,* when in fact both cases stand for the same proposition, we may affirm the action of the lower court on a different rationale than that advanced by the lower court. *Commonwealth v. Meischke,* 273 Pa.Super. 134, 139 n. 3, 416 A.2d 1126, 1128 n. 3 (1979). *Accord Sones v. Aetna Casualty and Surety Co.,* 270 Pa.Super. 330, 411 A.2d 552 (1979).

■ Assuming as we must that appellant's allegations in this case are true, the facts show only that appellee knew that appellant was standing on a trailer when appellee moved the trailer. The complaint alleges that appellee acted deliberately, wilfully, and maliciously in moving the truck trailer, but does not state that such action was taken because of personal animosity toward appellant. The cases interpreting § 301(c) of the Workman's Compensation Act require that an intentional injury be the product of personal animosity and not for reasons regarding employment. Be-

cause the pleadings in the instant case fail in this respect, we affirm the order of the lower court.[2]

2. We do not now decide whether the sole owner of a corporation qualifies as a third party under § 411(1) in a suit against his company for injuries intentionally inflicted because of personal reasons.