## Hogey v. Morello Excavating Co.

*Arnold Wolf,* for plaintiff.
*Marla Soffer,* for plaintiff.
*Curtis P. Cheyney, III,* for defendant.

NICHOLAS, *J.*, January 17, 1984 — By order dated October 21, 1983, after consideration of briefs and oral argument, we granted the motion for summary judgment of defendant, Morello Excavating Co., Inc., and entered judgment against plaintiff, Gail Hogey, with respect to causes of action for wrongful death and survival alleged in plaintiff's second amended complaint in trespass. As plaintiff has appealed our determination to the Superior Court of Pennsylvania, we file this opinion pursuant to Pa. R. A. P. 1925(a).

These actions arise out of the death of plaintiff's husband, Augustus Hogey, while in the scope and course of his employment with defendant. On April 16, 1976, plaintiff's decedent was attempting to cut the top off a 55 gallon drum containing flammable residue with an acetylene cutting torch when the drum exploded. The explosion caused decedent to sustain severe burns which led to his death.

As a result of decedent's injuries and death, plaintiff claimed and was awarded benefits under the Pennsylvania Workmen's Compensation Act.[1] Defendant, through its Workmen's Compensation Insurer, paid the benefits awarded to plaintiff pursuant to the Act.[2]

On September 11, 1980, plaintiff filed a second amended complaint in trespass against defendant seeking recovery of damages under the Wrongful Death and Survival Acts, 42 Pa. C.S.A. §§8301, 8302. Plaintiff's complaint alleges that Russell W. Morello, President of defendant company, ordered decedent to use the torch to remove the drum lids despite the existence of safer means and knowing

1. Act of June 2, 1915, P.L. 736, as amended [77 P.S. §1 et seq.]

2. See agreement for compensation for death, Exhibit "A" to defendant's motion for summary judgment.

that the drums contained a highly flammable substance. Plaintiff contends that Morello's conduct constituted an intentional wrong, and that plaintiff's receipt of benefits under the Workmen's Compensation Act does not preclude her from pursuing a common law tort action to recover for decedent's injuries and death.

Defendant's answer denied plaintiff's allegations of intentional misconduct by Morello and asserts, by way of new matter, that defendant's payment of benefits pursuant to the Workmen's Compensation Act is plaintiff's exclusive remedy against defendant, as decedent sustained his injuries in the scope and course of his employment.

Depositions were taken of Mr. Morello and Clarence Bright, a fellow employee at the time of the accident. Morello, in describing the accident, said that upon seeing decedent about to cut the top off a drum, he told him "Don't use a torch, use a hammer and chisel, because that drum is liable to explode on you." Decedent responded, "I did this before, I know what I'm doing." Thereupon, Morello said, "be careful", turned and was walking away from decedent at the time of the explosion. Morello thought the drums were empty, but had heard of drums exploding and therefore warned employees not to use a torch to remove the tops. After the explosion, Morello tackled decedent, put cold water on him to put out the flames on decedent's clothing and called the ambulance.

In his deposition, Clarence Bright said that he did not see the accident; did not hear the Morellos' [Russell W. Morello or Anthony Morello, his brother], instruct anyone to use or not use a blow torch on a drum; and never heard anyone say that the Morellos had intentionally told decedent to use a

cutting torch on a drum knowing that the drum would explode.

In an effort to contradict the deposition testimony of Mr. Morello, plaintiff attaches, as Exhibit "A" to her answer to defendant's motion for summary judgment, copies of unsworn United States Department of Labor Occupational Safety and Health Administration [OSHA] records concerning the fatal accident.

Pa. R.C.P. 1035 (d) provides in pertinent part that on a Motion for Summary Judgment, "supporting and opposing affidavits shall be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the signer is competent to testify to the matter stated therein." The unsworn OSHA records do not comply with Pa. R.C.P. 1035 (d) and the affidavit of plaintiff's counsel, that "the facts set forth in plaintiff's answer to the motion for summary judgment are true and correct to the best of his knowledge, information and belief", cannot support the accuracy of documents he neither produced nor witnessed. Staiano v. Johns-Manville Corp., 304 Pa. Super. 280, 450 A.2d 681 (1982). Hence, the OSHA records need nor be considered for the purpose of determining defendant's motion for summary judgment.[3] See, Irrera v. SEPTA, 231 Pa. Super. 508, 331 A.2d 705 (1974); Pa. R.C.P. 1035 (b).

---

3. Even if the OSHA records had been properly attested, their contents are of no help to plaintiff, The OSHA citation 1910. 252 (d) (3) (i) states, "The employer after watching the first drum flame-up as a result of the burning of the operation permitted the employee to start cutting on a second drum." The OSHA Complaint states that Augustus Hogey and Russell Morello were cutting holes in barrels with a cutting torch when the explosion occurred. Even if both of these records are taken as true, they do not offer any indication of a deliberate intention on the part of Morello to cause decedent harm.

Plaintiff also seeks to discredit Clarence Bright's deposition testimony by attaching, as Exhibit "B" to her answer to defendant's motion for summary judgment, an unsigned statement allegedly made by Bright on February 25, 1980 to an investigator hired by plaintiff, one Robert Needham. Needham's affidavit states that Bright's narrative regarding the accident was handwritten by Needham and that Bright refused to sign the statement when asked to do so.[4] In the statement, Bright is attributed with saying that he believed decedent was told to remove the top of the drum with a blow torch by one of the Morello brothers; that Bright told decedent not to use the torch; and that after the explosion, decedent, who was engulfed in flames, was chased down by Morello, who put out the flames on decedent's clothing. Again, we point out that in his sworn deposition, Bright was asked: "Did you ever hear the Morellos instruct anyone to use a blow torch or not use a blow torch on a drum"?; he responded, "Not that I know of." In any event, it is clear that even if the decedent was told to use a torch by Morello, this alone would not show that Morello possessed a deliberate intent to harm decedent. Consequently, Needham's affidavit offers no support for plaintiff's claim.

A motion for summary judgment should be granted only where the record shows no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Vend-A-Matic v. Frankford Trust Co., 296 Pa. Super. 492, 442 A.2d 1158 (1982). The court must accept as true all well-

---

4. Needham's affidavit, inasmuch as it purports to summarize Bright's unsigned statement, is hearsay, not admissible evidence in a trial, and therefore not properly considered on a motion for summary judgment. See, Pa. R.C.P. 1035 (b), (d).

pleaded facts in the non-moving party's pleadings and the record as a whole must be viewed in the light most favorable to the party opposing the Motion. Community Medical Services of Clearfield, Inc. v. Local 2665, AFL-CIO, 292 Pa. Super. 238, 437 A.2d 23 (1981). After considering the pleadings, depositions, answers to interrogatories, and supporting affidavits, we found that there existed no unresolved issue of material fact, and that defendant is entitled to judgment as a matter of law. See Pa. R.C.P. 1035 (a). We concluded that because plaintiff's exclusive remedy [77 P.S. §481] was the benefits received under the Workmen's Compensation Act, this action against the employer is barred and defendant's motion for summary judgment must be granted.

Plaintiff's sole contention on appeal is that 77 P.S. §411 (1) [§301 (c) (1) of the Workmen's Compensation Act] is not the only exception to the exclusivity provision of the Act, 77 P.S. §481, and that additional exceptions exist which will permit common law tort liability against an employer where a "deliberate intention" to produce injury or death of an employee is shown. We disagree.

Plaintiff contends that the employer is open to common law liability for all consequences arising from his intentional tort against an employee, which occurs in the course of employment, and cites Readinger v. Gottschall, 201 Pa. Super. 694, 191 A.2d 694 (1963), in support of this proposition. In making this argument, plaintiff overlooks the fact that 1972 amendments to the Workmen's Compensation Act have outdated the Readinger decision. See Davis v. Dow Chemical Co., 24 D. & C.3d 321 (1981).

Prior to 1972, in order to recover Workmen's Compensation benefits, the employee had to sustain

both an accident and an injury. See Act of June 2, 1915, P.L. 736, Art. III, §301 (c), as amended, 77 P.S. §411; Hinkle v. H.J. Heinz Company, 462 Pa. 111, 337 A.2d 907 (1975). Under the pre-1972 Act, courts allowed common law actions for intentional torts on the ground that intentional torts were not accidents, and therefore the Workmen's Compensation Act was inapplicable. Davis v. Dow Chemical Co., Supra at 321.

In 1972, the legislature eliminated the accident requirement. The new amendments provide for compensation for all injuries suffered in the course of employment. See Act of March 29, 1972, P.L. 159 §6, as amended, 77 P.S. §411 (1). In enacting the 1972 amendments, it was the intent of the legislature to completely substitute the benefits of the Workmen's Compensation Act for common law tort liability, and grant the employer absolute immunity from suit by the employee for all injuries arising in the course of employment. Hefferin v. Stembowski, 247 Pa. Super. 366, 372 A.2d 869 (1977); Amanik v. Pulmanstandard, 439 F.Supp. 784 (W.D. Pa. 1977).

Clearly, the premise upon which Readinger was decided no longer exists. As to all injuries occurring in the scope and course of employment after 1972, such as decedent's, the Workmen's Compensation Act provides the exclusive remedy.[5] See Davis v. Dow Chemical Co., supra.

The only exception to the term "injury arising during the course of employment", for which the Workmen's Compensation Act will not provide immunity for employers is "an injury caused by an act of a third person intended to injure the employee because

5. We would also point out that Readinger v. Gottschall is factually distinguishable from this case. There, the employer intentionally assaulted the employee. Here, the whole records supports the conclusion that this was indeed an "accident".

of reasons personal to him, and not directed against him as an employee or because of his employment." 77 P.S. §411 (301 (c) (1) of the Workmen's Compensation Act); Scantlin v. Ulrich, Pa. Super. , 465 A.2d 19 (1983) (Affirming the granting of defendant-employer's Motion for Judgment on the Pleadings); Mike v. Borough of Aliquippa, 279 Pa. Super. 382, 421 A.2d 251 (1980).

Assuming, as we must, that plaintiff's allegations are true, the facts show only that Morello knew that plaintiff's decedent was going to use an acetylene cutting torch on a drum, and that the drums could explode when opened with a torch. The complaint alleges that Morello ordered decedent to use the torch, and thereby committed a deliberate, intentional wrong. However, nowhere does the complaint allege or the record show that Morello gave such an order because of personal animosity toward decedent. "The cases interpreting §411 (1) of the Workmen's Compensation Act require that an intentional injury be the product of personal animosity and not for reasons regarding employment." See Scantlin v. Ulrich, supra. 465 A.2d at 21. Defendant was thus entitled to judgment as a matter of law.

The motion for summary judgment was properly granted.