482 A.2d 1055

**Louise M. DUNN, Administratrix of the Estate of Joseph V. Dunn, Jr., Deceased, Appellant,**

v.

**UNITED INSURANCE COMPANY OF AMERICA and Harry Fleisher and William Formwalt.**

Superior Court of Pennsylvania.

Submitted Jan. 3, 1984.

Filed Oct. 5, 1984.

14

Louis Kattelman, Philadelphia, for appellant.

David H. Trushel, Pittsburgh, for appellees.

Before SPAETH, President Judge, and DEL SOLE and HESTER, JJ.

## OPINION

DEL SOLE, Judge:

Joseph V. Dunn, Jr., prior to the time of his death, was employed by the Defendant, United Insurance Company of America (hereinafter "United"). On June 23, 1979, he sustained a heart attack from which he was recovering. On September 28, 1979, United, acting through either or both Harry Fleisher and William Formwalt, co-employees, contacted Mr. Dunn at his home and advised him that his position of employment with the Defendant was to be changed and requested that he attend a meeting on October

2, 1979, in the offices of United. Plaintiff's Decedent did attend that meeting and during the course thereof suffered a fatal heart attack. On October 22, 1979, Louise M. Dunn, wife of deceased, filed a Fatal Claim Petition with the Commonwealth of Pennsylvania, Department of Labor and Industry, Bureau of Worker's Compensation. The matter was referred to Peter E. Perry, Jr., Referee, Philadelphia District, various hearings were held and subsequently, the parties entered into a stipulation of facts which were adopted by the Referee. On May 21, 1980, the Referee entered an Order directing that the Defendant in the compensation proceeding (United) pay compensation to the Claimant (Louise M. Dunn, widow of Joseph Dunn, deceased) and specifically found that the death of the Decedent was a work-related injury as defined by Section 301(c)(1) of the Pennsylvania Worker's Compensation Act as amended. From the Order of the Referee, no appeal was taken.

Louise M. Dunn, in her capacity as Administratrix of the Estate of Joseph V. Dunn, Jr., deceased, filed this suit on September 24, 1980, in the Court of Common Pleas of Philadelphia County claiming damages against United, Fleisher and Formwalt for personal injuries as a result of the death of her husband, Joseph V. Dunn, alleging that the death was a result of wrongful, unjust and unlawful provocation and that the Defendants willfully conspired to deprive the Plaintiff of his position of employment. The Defendants filed an Answer and New Matter raising the defense of the Worker's Compensation Act.

The Defendant, United, next filed a Motion for Summary Judgment and in the reply thereto it was admitted that the Plaintiff had received Worker's Compensation benefits pursuant to the Order of Referee Perry. The trial court granted United's Motion for Summary Judgment and this appeal follows.

The Plaintiff argues that this matter is controlled by the case of *Gillespie v. Vecenie*, 292 Pa.Super. 11, 436 A.2d 695, which held that where an injury to an employee occurs as a

result of personal hatred or animosity and is *not compensable*, then the employee is not barred from suing his employer for damages. However, the Plaintiff's reliance on the *Gillespie* case, *supra*, is misplaced. Specifically, the court stated in *Gillespie* as follows:

"Though, we find a cause of action stated against both defendants, we are foreclosed, by the record from giving the lower court definitive guidance. The record is somewhat contradictory and incomplete as to what action was taken pursuant to the [Worker's Compensation Act] ... We are unable, from the state of the record, to determine whether *Gillespie* is barred by any agreement, from proceeding in tort against Transport. Nor is the record dispositive as to whether appellant and/or defenses by their failure to appeal rulings concerning a workman's compensation claim ...

When an injury had been compensated under the Act, then the Act, 77 P.S. § 481, would prohibit the claiming against the employer."

■ The *Gillespie* court was confronted with the situation wherein it was unclear on the record whether there was compensation paid for a compensable injury pursuant to the Act. However, 77 P.S. § 481(a), which states in pertinent part as follows:

"(a) The liability of an employer under this Act *shall be exclusive* and in place of any and all other liability to such employees, his legal representative, husband or wife, parents, dependants, next of kin or any one otherwise on account of any injury or occupational disease as defined in § 108." (Emphasis added).

bars any claim for personal injury in a third-party action against an employer for injuries that are compensable.

■ In the instant case, the Referee found that the Decedent's injury was compensable under § 301(c)(1) of the Act. No appeal was taken, therefore, the Referee's finding is a final determination of the issue of compensability. Section 481 as quoted herein, makes the compensation award the exclusive remedy against the employer in this case and the

Plaintiff is not entitled to redress in this forum against the employer.[1]

The dissent cites *Mike v. Borough of Aliquippa*, 279 Pa.Super. 382, 388, 421 A.2d 251, 254 (1980); *Gillespie v. Vecenie*, 292 Pa.Super. 11, 15, 436 A.2d 695 (1981) and *Scantlin v. Ulrich*, 318 Pa.Super. 407, 465 A.2d 19 (1983) in support of its position of reversal of the trial court.

The dissent's reliance upon these three decisions is misplaced. First, in none of the cited cases was there a finding by a competent tribunal that the injury received by the plaintiff was, in fact, compensable. In the instant case, such a finding was made which the dissent neglects to discuss.

Further, *Mike, supra,* was a case that arose prior to the 1974 amendment to the Compensation Act upon which this decision relies. In addition, *Gillespie,* specifically states that the record is unclear with regard to a determination of compensability and, therefore, the matter should proceed at the trial level and, *Scantlin, supra,* was an affirmance of a judgment on the pleadings wherein the plaintiff pled injury as a result of a noncompensable action by the employer and this Court sustained the decision of the trial court in dismissing the complaint because the plaintiff did not aver that his injury was intentional and a product of personal animosity.

In the instant case, there having been a finding by a competent tribunal of compensability the claim against the employer is barred.

Thus, we will affirm the decision of the trial court on United's Motion for Summary Judgment.

Judgment affirmed.

Jurisdiction relinquished.

SPAETH, President Judge, filed a dissenting opinion.

---

**1.** *See also,* the case of *Budzichowski v. Bell Telephone Co. of Pennsylvania,* 503 Pa. 160, 469 A.2d 111 (1983) and *Kline v. Arden H. Verner Co.,* 503 Pa. 251, 469 A.2d 158 (1983) two recently filed opinions of the Supreme Court of Pennsylvania.

18

SPAETH, President Judge, dissenting:

I am unable to agree with the majority that summary judgment was proper in this case.[1] While appellant's complaint is inartfully pleaded, the cause of action she intended to plead sufficiently appears. Since, contrary to the majority, this cause of action is not barred, we should reverse and remand with leave to appellant to amend her complaint.

1

The purpose of the Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, as amended, 77 P.S. § 1 *et seq.*, is to compensate employees for on-the-job injuries. As the Supreme Court has said:

> By virtue of the ... Act, an employee's common law right to damages for injuries suffered in the course of his employment as a result of his employer's negligence is completely surrendered in exchange for the exclusive statutory right of the employee to compensation for all such injuries, regardless of negligence, and the employer's liability as a tortfeasor under the law of negligence for injuries to his employee is abrogated.
>
> *Socha v. Metz*, 385 Pa. 632, 637, 123 A.2d 837, 839–40 (1956).

Consistent with this purpose, under the Act

> "injury arising in the course of his employment" ... [does] not include an injury caused by an act of a third person intended to injure the employe because of reasons personal to him.
>
> 77 P.S. § 411(1).

Thus, as we have said, "an assault or attack by third persons because of personal animosity against the employee and which does not result because of the relationship between employer and employee" is specifically excluded from the Act's coverage. *Mike v. Borough of Aliquippa*, 279 Pa.Super. 382, 388, 421 A.2d 251, 254 (1980).

---

1. Appellee's motion for summary judgment and the trial court's order were limited to summary judgment as to the employer and were not directed to the two employees named in the complaint.

The question we must decide, therefore, is whether appellant has pleaded that her husband died as a result of "an injury caused by an act of a third person intended to injure [him]." 77 P.S. § 411(1). Appellant's complaint may be summarized as follows. Appellant's husband was at home recovering from a heart attack when, on or about September 28, 1979, defendant Fleisher telephoned him and told him that he was being demoted and would have to attend a meeting on October 2, 1979, at the offices of her husband's employer, defendant United (appellee here). Complaint ¶ 3. During the meeting appellant's husband suffered a fatal heart attack. *Id.* ¶ 4. United, "without cause or a provocation, unlawfully, wrongfully, unjustly, and wilfully conspired" with Fleisher and defendant Formwalt against appellant's husband "to deprive him of his position of employment with [United]." *Id.* ¶ 3. Fleisher had telephoned her husband "in furtherance of the conspiracy", *id.* ¶ 3, and appellant's husband's heart attack was "the result of [Fleisher's, Formwalt's and United's] unlawful, wrongful, unjust and wilful acts," *id.* ¶ 4.

As it stands, appellant's complaint does not allege that the acts of Fleisher and Formwalt, in which United is claimed to have conspired, were motivated by "personal animosity against the employee." *See Mike v. Borough of Aliquippa, supra. Compare, Gillespie v. Vecenie,* 292 Pa.Super. 11, 15, 436 A.2d 695, 697 (1981) (third amended complaint alleged "pure personal hatred toward the plaintiff ...," "personal animosity ... in no way resulted [*sic*] out of a relationship between an employer and an employee ..."), *with Scantlin v. Ulrich,* 318 Pa.Super. 407, 465 A.2d 19 (1983) (complaint dismissed; personal reasons not alleged). Nevertheless, appellant's reply to the motion for summary judgment made appellant's theory of recovery sufficiently clear, for it alleged that "there may be a common law recovery in tort against the employer where injury caused by an act of a third person intended to injure the employee because of reasons personal to him is present." Reply to Motion for Summary Judgment, ¶ 7.

While this was procedurally improper, since this statement disclosed the cause of action that appellant intended to plead, the trial court should have given appellant the opportunity to amend her complaint, if she could, to conform it to the statement. In cases in which preliminary objections have been sustained because the complaint is defective in failing to state a claim, and it is evident that the pleading can be cured by amendment, we have held that final judgment may not be rendered before the plaintiff is given the opportunity to amend the complaint. *Mott v. Sewickley Savings & Loan Association*, 211 Pa.Super. 357, 236 A.2d 541 (1967); *United Mercantile Agencies, Inc. v. Slotsky*, 107 Pa.Super. 467, 164 A. 349 (1933). *See also Stevens v. Doylestown Building and Loan Association*, 321 Pa. 173, 183 A. 922 (1936) (improper to enter final judgment on statutory demurrer if defect can be cured by amendment). While perhaps more often the plaintiff requests leave to amend the complaint, a court may on its own motion permit or require amendment. *Delgrosso v. Gruerio*, 255 Pa.Super. 560, 564 n. 6, 389 A.2d 119, 121 n. 6 (1978). Where the trial court does not permit amendment, we may remand to permit it. *Staub v. Tehol Corporation*, 205 Pa.Super. 606, 211 A.2d 88 (1965) (vacating order dismissing complaint and granting plaintiff further opportunity to amend complaint "under our inherent power to assure the proper administration of justice"). Moreover, except when there is an error of law or prejudice to the adverse party, *Bell v. Shetrom*, 214 Pa.Super. 309, 257 A.2d 323 (1969), we will be liberal in permitting amendment so that whenever possible, cases will be determined on their merits. *Saracina v. Cotoia*, 417 Pa. 80, 208 A.2d 764 (1965). We are especially reluctant to foreclose a party because of the failure or neglect of counsel. *McFadden v. Pennzoil Company*, 326 Pa. 277, 279, 191 A. 584, 585 (1937); *Puleo v. Broad Street Hospital*, 267 Pa.Super. 581, 407 A.2d 394 (1979).

## 2

The majority does not examine the adequacy of appellant's complaint. Rather, assuming the complaint to be

adequate, the majority holds that appellant's receipt of benefits under the Workmen's Compensation Act forecloses her right to sue in tort. This holding is directly contrary to *Mike v. Borough of Aliquippa, supra.*

In *Mike,* an Aliquippa police officer was attacked and severely beaten by two local constables. The officer received benefits under the Workmen's Compensation Act and then sued the Borough for negligence in failing to provide a safe place to work. The jury found that the reasons for the constables' attack on the officer were personal. *See* 77 P.S. § 411(1), *supra.* On appeal the Borough argued, as United does here, that the suit was barred because the officer had accepted workmen's compensation benefits. In an unanimous opinion by HESTER, J., we rejected that argument. Quoting *Flaherty v. United Engineers and Contractors,* 213 F.Supp. 835, 838 (E.D.Pa.1961), we said:

> It is true that Section 303 of the Workmen's Compensation Act, 77 P.S. § 481, provides that acceptance of compensation shall operate as a surrender by the parties of their rights to any form or amount of compensation or damages for any injury or death occurring in the course of the employment other than as provided in Article III of the Act. But Section 301(c) as amended, 77 P.S., § 411, included in Article III, according to the *Dolan* decision specifically excludes injuries resulting from personal animosity. It would follow therefore that [plaintiff] may be able to collect damages from [employer] if he can prove that his injuries resulted from the personal animosity of [his assailant]. He is not estopped to proceed with his suit on this ground. 213 F.Supp. at 838.

> *Mike v. Borough of Aliquippa, supra,* 279 Pa.Super. at 392, 421 A.2d at 256.

The only authority the majority cites in support of its conclusion that appellant, having received workmen's compensation benefits, is barred from suing United, is *Gillespie v. Vecenie,* 292 Pa.Super. 11, 436 A.2d 695 (1981). Consideration will show, however, that *Gillespie* is consistent with

*Mike,* and that the majority's exclusive reliance on it is misplaced.

*Gillespie* was an appeal from dismissal of a complaint. In reversing, we held that the complaint sufficiently alleged that the attack by a fellow employee had been for personal reasons. Relying on *Mike,* we further held that the employer could be joined on the theory that it had not provided a safe place to work. We then noted that the record contained a notice of denial of workmen's compensation because the "disability [was] not related to employment." 292 Pa.Super. at 17 & n. 3, 436 A.2d at 698 & n. 3. We also referred to a "Compensation Agreement" contained in the record, and stated that we could not "from the state of the record, ... determine whether Gillespie [was] barred, by an agreement, from proceeding in tort against [his employer]." *Id.,* 292 Pa.Superior Ct. at 17, 436 A.2d at 698. We concluded by saying that "the record [is not] dispositive as to whether appellant and/or [the employer] have waived rights and/or defenses by their failure to appeal rulings concerning the Workmen's Compensation claim." *Id.*[2] We then stated:

> When an injury has been compensated under the Act, then the Act, 77 P.S. § 481, would prohibit the claiming against the employer. An employee may sue a third party whose conduct caused an injury; but neither the employee nor the third party may join an employer in such suit. See *Atkins v. Urban Redevelopment Auth.,* 263 Pa.Super. 37, 396 A.2d 1364 (1979).
>
> *Gillespie, supra,* 292 Pa.Superior Ct. at 18, 436 A.2d at 698.

For the majority, this last statement ends our inquiry. I am not so persuaded. First, the majority fails to acknowledge that by holding that an employee could sue his employer for failing to provide a safe place to work, *Gillespie* followed *Mike.* Second, the statement in *Gillespie* that

---

**2.** Contrary to the majority's view, at 1057, the record in *Gillespie* was clear that Gillespie had been denied workmen's compensation. What was unclear was whether Gillespie and his employer had entered into an agreement under which Gillespie was precluded from suing the employer in tort.

"[w]hen an injury has been compensated under the Act," the employee may not sue the employer, was *dictum*, for the employee had in fact not been compensated under the Act.[3]  Finally, the majority fails to acknowledge that in *Scantlin v. Ulrich, supra,* we stated that *Mike* and *Gillespie* "stand for the same proposition."  318 Pa.Super. at 412, 465 A.2d at 21.  Referring to the above-quoted statement in *Gillespie,* on which the majority now relies, we said that it

> was obviously meant to clarify the previously stated position that an employer cannot be vicariously liable for the intentional acts of his employee.  When an employee's intentional act motivated by personal reasons, was foreseeable by the employer, the employer may be liable on a negligence theory for not providing a safe work place.  *Id.*

In short:  When an employee's injuries were the result of the personal animosity of a fellow employee, the employer may not be held vicariously liable for the intentional tort of its employee, but it may be held liable if, as in *Mike* and *Gillespie,* its failure to provide a safe place to work is proved.  If, as appellant alleges she can prove here, the employer participated in the employee's intentional conduct, the employer may be held liable, not vicariously for its employee's intentional tort, but for its own intentional tort.

---

3.  In a footnote to the above-quoted statement in *Gillespie* we stated: "For a contrary result, prior to the 1974 Amendment to the Act, *see Socha v. Metz,* 385 Pa. 632, 123 A.2d 837 (1956); and *Burke v. Duquesne Light Co.,* 231 Pa.Super. 412, 332 A.2d 544 (1974)."  Our citation to *Socha* and *Burke* stands only for the proposition that as a result of the 1974 amendments to the Act, Act of December 5, 1974, P.L. 782, No. 263, a third party sued by an employee may not join the employer in an action.  In both *Socha* and *Burke* the employee had sued a third party for injuries and the third party was able to join the employer as an additional defendant.  The 1974 amendments to the Act include the addition of Section 303(b), 77 P.S. § 481(b), which provides: "In the event injury or death to an employe is caused by a third party, then such employe, ... may bring [an] action at law against such third party, but the employer, ... shall not be liable for damages, ... " *See Tsarnas v. Jones & Laughlin Steel Corp.,* 488 Pa. 513, 412 A.2d 1094 (1980).  Section 303(b) does not preclude recovery by an employee from an employer; indeed, it has nothing to do with an employee's suit against an employer.  The majority states, at 1057, that in its view the fact that the Act as amended in 1974 applies to this case means that the result here should differ from that in *Mike.* The majority does not explain why this should be so, and it cites no authority for its view except the above-quoted statement from *Gillespie,* which, as *dictum,* is not persuasive.

Some further comment on *Mike* and *Gillespie* may be useful. They may be understood by examining the relevant provisions of the Workmen's Compensation Act. The "exclusive liability" provision of the Act, 77 P.S. § 481(a), provides that "the liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, ... on account of any injury or death as defined in Section 301(c)(1) and (2) ..." The term "injury" in Section 301(c)(1) of the Act "mean[s] an injury to an employe, ... arising in the course of his employment and related thereto, ..." 77 P.S. § 411(1). In addition, it will be recalled that "injury arising in the course of employment" does not include "an injury caused by an act of a third person intended to injure the employe because of reasons personal to him, and not directed against him as an employe or because of his employment." *Id.* In *Gillespie*, while noting that if an injury (presumably as defined in the Act) were compensated (presumably as the Act provides), then the employee would be unable to sue the employer, we held that the employee's complaint stated a claim for injuries not included within the Act's definition of "injury," in other words, the employee had alleged injuries that did *not* arise in the course of his employment, so that the exclusive liability provision of the Act was inapplicable. Thus understood, *Gillespie* does "stand for the same proposition" as *Mike*, as we said in *Scantlin* it did.[4]

There is one respect in which this case differs from *Mike* and *Gillespie*. In *Mike* and *Gillespie* the claim was that the employer had been negligent. Here, the claim is that as the employer, United, conspired with its employees to commit an intentional tort, as a result of which appellant's husband died. Thus this case is more compelling than

---

**4.** The majority claims that "in none of the ... cases [I have cited] was there a finding by a competent tribunal that the injury was, in fact, compensable." At 1057. It is true that in *Gillespie* the workmen's compensation referree found that Gillespie's injuries were not covered under the Act. In both *Mike* and *Scantlin*, however, the employee did receive workmen's compensation. It is not possible to tell from those opinions whether a "competent tribunal" awarded those benefits or whether they were paid in the ordinary course. Insofar as the present case is concerned, this matter need not detain us, for appellant argues that her husband's death was not an injury within the meaning of the Act, and that accordingly, the exclusive remedy provision of the Act does not apply here.

either *Mike* or *Gillespie*. *See Readinger v. Gottschall,* 201 Pa.Super. 134, 137–38, 191 A.2d 694, 695–696 (1963) ('injury ... in the course of employment' does not include an intentional tort committed by the employer). In any event, contrary to the majority, appellant's receipt of workmen's compensation benefits does not bar her maintenance of an action against United, if she is able to amend her complaint to plead a claim under the Act.

The order of the trial court should be reversed and the case remanded for proceedings consistent with this opinion.