## Kohler v. McCrory's Stores

*Allen H. Smith,* for plaintiff.
*Steven M. Carr,* for defendant.

CHRONISTER, *J.*, August 21, 1989 — This matter is before the court on defendant's preliminary objections in the nature of a demurrer raising a question of lack of subject-matter jurisdiction. Plaintiff Kohler was employed by defendant Mc-Crory Stores as a freight handler in a warehouse. On June 22, 1987, while on the job, Kohler was injured by another jack operated by a fellow employee, David Christner. Kohler received workers' compensation benefits pursuant to a notice of compensation payable dated August 19, 1987. On May 31, 1989, Kohler filed the present suit alleging that his employer, defendant McCrory's, is liable for fellow employee Christner's intentional or negligent conduct in failing to provide a safe workplace when defendant knew of the personal animosity between plaintiff and Christner. Defendant McCrory's has demurred to the allegations on three bases. Defendant says that plaintiff's claim is barred by his election of his workers'compensation remedy; second, defendant says plaintiff is estopped from alleging that his injury did not arise in the course of his employment; and third, defendant says plaintiff's claim is barred by the doctrines of collateral estoppel and res judicata.

Defendant's first argument is that, based on *Barber v. Pittsburg Corning Corp.*, 521 Pa. 29, 555 A.2d 766 (1989), and *Kline v. Arden H. Verner Co.*, 503 Pa. 251, 469 A.2d 158 (1983), the Workers' Compensation Act provides an exclusive remedy to injured employees and bars tort actions flowing from any work-related injury. Defendant's argument goes as follows. The act provides:

"(a) The liability of an employer under this act shall be exclusive and in place of any and all liability to such employees ... in any action at law or otherwise on account of any injury or death as

defined in section 301(c)(1) and (2) [77 P.S. §411(1),(2)]." 77 P.S. §481(a).

It therefore follows, defendant says, that plaintiff herein is barred from maintaining the present action against his employer if he sustained an injury as defined in 77 P.S. §411(1) or (2). "Injury" is defined there as "injury . . . arising in the course of his employment." The statute further specifies that "injury in the course of employment" does not include:

"[A]n injury caused by the act of a third person intended to injure the employee because of reasons personal to him, and not directed against him as an employee or because of employment." 77 P.S. §411(1).

However, defendant argues, when an employee is injured in an attack by a fellow employee, it is presumed that the employee was injured in the course of his employment and is therefore covered by the Workers' Compensation Act, citing *McBride v. Hershey Chocolate Corp.*, 200 Pa. Super. 347, 188 A.2d 778 (1981). Defendant says in the instant case the said presumption was accepted by both parties, since plaintiff applied for and received benefits under the act. Defendant says that because the act is applicable, it is plaintiff's exclusive remedy. Defendant's position is that *Dunn v. United Insurance Company of America,* 334 Pa. Super. 13, 482 A.2d 1055 (1984) is controlling.

Plaintiff argues, on the other hand, that workers' compensation is not the sole remedy, that the court may hear the case because injury was inflicted for personal reasons by a third party and not directed against plaintiff as an employee or because of employment. Plaintiff claims that under the section 411(1) "personal-animus" exception, he is permitted to pursue his common-law remedy, citing *Dolan*

*v. Linton's Lunch,* 397 Pa. 114, 152 A.2d 887 (1959). Plaintiff's position is that "the court will find ample precedent for this acion in a line of appellate decisions ending with *Mike v. Borough of Aliquippa,* 279 Pa. Super. 382, 421 A.2d 251 (1980). Plaintiff also claims that defendant's cases are not persuasive.

The question presented to us is whether an employee who has received workers' compensation benefits for injuries inflicted by a fellow employee in the course of employment may then also sue his employer under the "personal-animus" exception to the statute. In answering that question we first address plaintiff's last contention which is that defendant's cases are not persuasive. We find both sides have cited authority which is inapplicable to the facts before us. *Kline v. Arden H. Verner Co.,* 503 Pa. 251, 469 A.2d 158 (1983) focused on the issue of whether the exclusivity provisions of the workers' compensation statute, barring suit for injuries not covered by workers' compensation, are unconstitutional. In *Bigley v. Unity Auto Parts Inc.,* 496 Pa. 262, 426 A.2d 1172 (1981) the "pivotal issue" in the case was whether the withdrawal of the original claim petition precluded claimant from a further attempt to seek recovery under the act. *Taynton v. Dersham,* 358 Pa. Super. 178, 516 A.2d 1241 (1986) addressed the "dual-capacity doctrine" and not the "personal-animus" exception. *Steets v. Sovereign Construction Co.,* 413 Pa. 458, 198 A.2d 590 (1964), has nothing to do with the case at bar. *Koslop v. Cabot Corp.,* 622 F.Supp. 222 (1985) involved allegations of intentional misconduct on the part of the employer, not a fellow employee, as here. *McBride v. Hershey Chocolate Corp.,* 200 Pa. Super. 347, 188 A.2d 775 (1963) is factually very similar. In that case the court held that an employee

could sue his employer under the "personal-animus" exception for injuries inflicted by a co-employee; however, in that case there had been no receipt of workers' compensation benefits. *Barber v. Pittsburgh Corning Corp., supra* was based on the Occupational Disease Act; its sister case, *Poyser v. Newman & Co. Inc.,* 514 Pa. 32, 522 A.2d 548 (1987) held that the workmen's compensation statute does not permit a common-law action for injuries caused by the intentional tort of the employer.

We now attempt to reconcile the remaining cases cited to us, which come to opposite conclusions as to whether an employee can sue his employer in tort for injuries inflicted by a fellow employee under the "personal-animus" exception after having collected workers' compensation benefits. Those cases are *Dunn v. United Insurance Company of America,* 334 Pa. Super. 13, 482 A.2d 1055 (1984); *Dolan v. Linton's Lunch,* 397 Pa. 114, 152 A.2d 887 (1959); *Mike v. Borough of Aliquippa,* 279 Pa. Super. 382, 421 A.2d 251 (1980); and *Gillespie v. Vecenie,* 292 Pa. Super. 11, 436 A.2d 695 (1981).

*Mike* held that the employee was not limited to proceeding against his employer under the Workmen's Compensation Act, but could also recover from the employer for negligent failure to provide him with a safe working place. There plaintiff Mike had been beaten by fellow employees. Mike collected workmen's compensation benefits and subsequently sued his employer in tort. In its motion for judgment n.o.v. the employer contended that the common-law suit was barred because Mike had accepted workmen's compensation benefits. The *Mike* court rejected this argument, basing its decision on *Flaherty v. United Engineers and Contractors,* 213 F.Supp. 835 (E.D. Pa. 1961), where an employee sued his employer for injuries sustained

in an attack by a fellow employee. Defendant in *Flaherty* had contended that the plaintiff was estopped from claiming damages because he had already accepted workmen's compensation. The *Flaherty* court rejected this argument, stating:

"It is true that section 303 of the Workmen's Compensation Act, 77 P.S. §481, provides that acceptance of compensation shall operate as a surrender by the parties of their rights to any form or amount of compensation or damages for any injury or death occurring in the course of the employment other than as provided in Article III of the act. But section 301(c) as amended, 77 P.S. §411, included in Article III, according to the *Dolan* decision specifically excludes injuries resulting from personal animosity. It would follow therefore that [plaintiff] may be able to collect damages from [employer] if he can prove that his injuries resulted from the personal animosity of [his assailant]. He is not estopped to proceed with his suit on this ground." *Flaherty* at 838.

The *Mike* court then adopted *Flaherty*, stating, "We find the *Flaherty* court's reasoning to be persuasive."

The problem with the "reasoning" in both *Mike* and *Flaherty* is that it relies on *Dolan*, a case wherein plaintiff specifically pleaded that he was not covered by the Workmen's Compensation Act.

*Dolan* held that the act does not preclude an employee from maintaining a tort action against his employer to recover damages for harm resulting to the employee on the employer's premises and while pursuing his duties as an employee as a result of a fellow employee's assault and battery upon the employee because of reasons personal to him. The *Dolan* opinion is an elaborate and scholarly interpretation of the Workmen's Compensation statute

analyzed in the light of legislative intent. Defendant employer contended that plaintiff was solely limited to whatever rights he had under the act. The *Dolan* court disagreed, saying:

"[P]laintiff has accepted this act and agreed to forego his common-law remedies only for 'any injury or death occurring in the course of his employment.' Section 301(c) of the act . . . 77 P.S. §411, which defines the terms used in the act, provides in part: ' . . . the term "injury by an accident in the course of his employment," as used in this article, *shall not include an injury caused by an act of a third person intended to injure the employee because of reasons personal to him, and not directed against him as an employee or because of his employment . . .* '

"This definition specifically excludes from an 'injury by an accident in the course of his employment' an assault or attack by third persons because of personal animosity against the employee and which does not result because of the relationship between employer and employee." *Dolan, supra.* (citation omitted) (emphasis in original)

The *Dolan* court reviewed prior case law which had interpreted the "personal-animus" exception, saying:

"The [Pennsylvania Supreme] Court recognized that if personal animus was the reason for the attack, it made no difference if it occurred on the employer's premises or if the employee was in the course of his employment. It was still not an injury by an accident in the course of his employment within the meaning of the act . . . Thus, when an employee accepts the coverage of this act, he does so for all accidental injuries which occur in the course of his employment except those arising from an attack by a third person or fellow employee for

personal reasons . . . Compensable injuries include all except those arising from personal ill will." *Dolan, supra.* (citations omitted) (emphasis in original)

*Dolan* makes it very clear that workmen's compensation benefits and tort damages are mutually exclusive alternative remedies to be sought from an employer:

"[T]his court has interpreted this section of the act to deny employee's coverage where the facts, as here, demonstrate that the injury was the result of an attack by third persons or a fellow employee for personal reasons." *Dolan, supra.* (citations omitted)

*"The act excludes from its coverage attacks upon an employee* whether or not they occur while he is pursuing his employer's business and whether or not they are caused by the condition of the employer's premises or by the operation of his business or affairs *so long as the reasons for the attack are purely personal to the assailant. In such a case, the plaintiff is permitted to pursue his common-law remedy." Dolan, supra.* (emphasis supplied)

We note in passing that although there have been some amendments to the workmen's compensation statute since *Dolan,* its reasoning remains sound.

We now turn to *Dunn v. United Insurance Company of America,* 334 Pa. Super. 13, 482 A.2d 1055 (1984), a case where the Superior Court held that the provision which states that the liability of an employer under the Workers' Compensation Act shall be exclusive bars any claims for personal injury in a third-party [surviving spouse] action against the employer for injuries that are compensable. In *Dunn* plaintiff's decedent was called to a meeting at the offices of his employer by two co-employees. While there, he had a heart attack and died. His widow received workmen's compen-

sation benefits. When the widow subsequently sued the employer alleging willful misconduct on the part of the co-employees, defendant employer moved for summary judgment on the basis that suit was barred by the workmen's compensation statute. The *Dunn* court affirmed the granting of defendant's motion for summary judgment because the workmen's compensation referee had found that decedent's injury was compensable under section 301(c)(1) of the act. No appeal was taken, so the referee's finding was a final determination of the issue of compensability. Section 481, the court said, makes the compensation award the exclusive remedy against the employer in this case and the plaintiff is not entitled to redress in this forum against the employer. *Id.* at 16-7, 482 A.2d at 1057.

*Dunn* cites *Gillespie v. Vecenie* but distinguishes it on the basis that in *Gillespie* it was unclear on the record whether there was compensation paid for a compensable injury pursuant to the act. However, even though the record was unclear, the *Gillespie* court stated unequivocally:

"When an injury has been compensated under the act, then the act, 77 P.S. §481, would prohibit the claiming against the employer. An employee may sue a third party whose conduct caused an injury; but neither the employee nor the third party may join an employer in such suit." *Gillespie* at 18, 436 A.2d at 698. (citation omitted)

Based on the reasoning in *Dolan* and the subsequent holdings in *Dunn* and *Gillespie,* we conclude that the holding in *Mike* is an incorrect interpretation of the workmen's compensation statute. *Dolan* states that, with regard to suits between employer and injured employee, compensable injuries include all except those arising from personal ill will. Therefore, if an injury is compensable, by definition

it cannot have arisen from personal ill will. Conversely, if an injury arises from ill will, it cannot be compensable.

Applying these principles to our facts, we find that plaintiff is barred from suit by the fact that a referee has already found his injury to be a compensable one. Plaintiff's compensation award is his exclusive remedy against his employer.

Plaintiff says he "fails to see why he should be penalized for accepting Workmen's Compensation benefits for injuries clearly not within the scope of the act . . . [W]here an injury is not under the act, by the very definitions in the act, the employee should not be bound by the act." Therein lies the problem. Plaintiff's injury cannot at once be both compensable and not compensable under the provisions of the statute. Either it is, and compensation is due, or it is not, and damages may be sought, but the employer cannot be liable on both counts. Defendant's demurrer is sustained.

## ORDER

And now, August 21, 1989, defendant's demurrer is sustained and the complaint is dismissed.