389 A.2d 119

**Mario DELGROSSO, Appellee,**

v.

**Gaetano GRUERIO, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 12, 1977.

Decided July 12, 1978.

Timothy F. Sullivan, Media, for appellant.

Bernard P. Carey, Jr., Lansdowne, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, President Judge:

This appeal is taken from the dismissal of appellant's preliminary objection filed on September 15, 1976 and from the reinstatement of appellee's default judgment in an action for an alleged default on a written lease. The lower court held that appellant's preliminary objection violated Pennsylvania Rules of Civil Procedure 1028(b) and (d) in that they were serial in nature and, in any case, were not lodged within the twenty-day period allowed by the court for the filing of a responsive pleading. Because we agree that the preliminary objection was filed after the twenty-day period had expired, we affirm.

Appellee, Mario Delgrosso, filed a complaint on September 10, 1975 seeking recovery of rent allegedly due from appellant. On November 5, 1975, appellee obtained a default judgment due to appellant's failure to file a responsive pleading. Damages in the amount of $2,400 were assessed by the prothonotary.

Appellant then filed, on December 29, 1975, a petition to strike and/or open the default judgment. In support of the motion to strike, appellant alleged that appellee failed to attach a copy of the written lease to the complaint as required by Pa.R.C.P. 1019(h). The petition to open averred that appellant had a meritorious defense in that Garrett Sauna, Inc., rather than appellant individually, was the lessee. In accordance with Delaware County Rule 653,[1] appellant attached to the petition to strike and/or open, a copy of the pleading *desired to be filed*—in this case preliminary objections in the nature of a motion to strike and in the nature of a demurrer.[2]

---

1. Local rule 653 provides:
   A petition for relief sought from a judgment entered for want of an appropriate pleading or entered by confession, whether to strike or to open, shall, in addition to complying with the foregoing subparagraphs, be accompanied by the duly executed pleading *desired to be filed*, a copy of which shall be attached to the petition. (Emphasis added.)

2. The demurrer was based solely upon appellee's failure to attach a copy of the written lease to the complaint. Record at 8.

Due to surgery undergone by appellee's attorney, oral argument on the matter was not heard until August 26, 1976. Judge Rita E. PRESCOTT entered an order the next day—August 27th—opening the default judgment and dismissing the proposed preliminary objections[3] because appellee had furnished appellant with a copy of the lease; she therefore considered the preliminary objections to be moot. The order further directed appellant "to file a responsive pleading to Plaintiff's complaint" within twenty days from August 25, 1976.[4]

The proposed preliminary objections attached to appellant's petition to strike and/or open the default judgment were never filed of record. Indeed, they *could not* be filed until the petition to open was granted on August 26, 1976. Prior to that time the default judgment entered on November 5, 1975 was still in effect and the pleadings were not open.[5] When the trial judge caused a copy of the written lease to be attached to the complaint at the hearing held on August 26, 1976, appellant's *proposed* preliminary objections were indeed rendered moot. The defect to which they pointed was remedied by the amendment of the com-

3. According to the appellee, at the oral argument on August 26th, Judge PRESCOTT caused a copy of the lease to be attached to the complaint. Appellee's Brief at 1.

4. The trial judge's choice of August 25, 1976 as the date from which the twenty-day period would begin to run is explained neither by the briefs filed on this appeal nor by the lower court's opinion. It should be reiterated that the order was not issued until August 27, 1976.

5. The fact that appellee furnished appellant with a copy of the written lease in the interim between the filing of the petition to strike and/or open and the hearing on the merits of the petition did not cure appellee's failure to attach a copy to the complaint as required by Pa.R.C.P. 1019(h). Rule 1019(h) provides:

(h) A pleading shall state specifically whether any claim or defense set forth therein is based upon a writing. If so, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to him, it is sufficient so to state, together with the reason, and to set forth the substance of the writing.

plaint.[6]  We disagree, however, with the lower court's holding that the preliminary objection in the nature of a demurrer[7] filed by appellant on September 15, 1976 violated Pa.R.C.P. 1028(b).

Rule 1028(b) requires all preliminary objections to be raised at one time.  As previously stated, however, no preliminary objections had been filed or served as of September 15, 1976.  In addition, prior to the amendment of the complaint on the court's own motion on August 26, 1976, the written lease was not in the record.  If, as here, the amendment reveals a new error not appearing in the original complaint, the defendant may file a new preliminary objection in order to raise the matter.  2 Goodrich-Amram 2d § 1028(c): 1, at 249 (1976).  It was only at the time the complaint was amended that appellant could reasonably have been expected to file a preliminary objection on the ground that the *lease* named Garrett Sauna, Inc., rather than appellant, as the lessee.  In the instant case, therefore, appellant acted permissibly in filing a preliminary objection in the nature of a demurrer.[8]  The question then becomes whether the preliminary objection was filed in a timely manner.

The lower court's order, entered on August 27, 1976, gave appellant twenty days from *August 25*, 1976 to file a responsive pleading.  There is no hint in the record as to why the lower court chose this date as the time from which the twenty-day period was to run.  The lower court opinion

6.  A court may, on its own motion, permit or require the amendment of a complaint or other pleading.  61 Am.Jur.2d, Pleading, § 307 at 711.  *See, e. g., Keller v. Cook*, 69 York Leg.Rec. 161 (C.P.Pa.1956).

7.  The demurrer was based upon the fact that the written lease named Garrett Sauna, Inc. as the lessee rather than appellant as an individual.

8.  Pa.R.C.P. specifically includes a preliminary objection as a "pleading."  Appellee's argument that the preliminary objection filed on September 15, 1976 was not a responsive pleading is patently fallacious.

written by Judge LABRUM cites Pa.R.C.P. 1028(d)[9] and goes on to state laconically that, "We feel that the Defendant has failed to comply with Judge Prescott's Order and has acted in direct violation of Rule 1028(a) and (c) [sic]. . . ." It is difficult to ascertain the basis for this conclusory ruling. As we have seen, the preliminary objection filed by appellant was a proper responsive pleading. It may be then, that the preliminary objection was dismissed because it was filed twenty-one days after August 25th and thus violated Judge PRESCOTT's order of August 27, 1976.

We find Rule 1028(d) to be inapposite.[10] It applies only when preliminary objections are overruled, whereas here none had been filed as of the date of the court's order dismissing as moot appellant's *proposed* preliminary objections.[11] We believe rather, that Rule 1026 should be applied. The rule requires that, "Every pleading subsequent to the complaint shall be filed within twenty (20) days after service of the preceding pleading . . . ." Pa.R.C.P. 1026. Rule 1003, however, provides that, "The court on cause shown may extend *or shorten* the time within which pleadings shall be filed . . . ." Pa.R.C.P. 1003 (emphasis added). Thus the twenty-day period set forth in Rule 1026 may be shortened by the court as Judge PRESCOTT did here.[12] Septem-

**9.** The court erroneously cites Rules 1028(a) and 1028(c) as the bases for its holding instead of 1028(b) and 1028(d). Rule 1028(d) provides:
> (d) If the preliminary objections are overruled, the objecting party shall have the right to plead over within twenty (20) days after notice of the order *or within such other time as the court shall fix.* Pa.R.C.P. 1028(d) (emphasis added).

**10.** *See* note 9, *supra.*

**11.** In a related Delaware County case, the court held that a proposed answer attached to a petition to open a default judgment, as required by local rule 653, was in the record papers but was *not* filed of record. *Fidelity America Financial Corp. v. Bailey,* 69 Pa. D & C 2d 313 (C.P.Del.1975).

**12.** This broad power to shorten the time for filing a pleading must not be exercised when it will perpetrate an injustice or violate conceptions of due process. 1 Goodrich-Amram 2d § 248:5, at 402 (1976). In this case, however, appellant was given a more than adequate amount of time within which to file a responsive pleading.

ber 14, 1976 was the last day for filing a responsive pleading according to the court's order of August 27, 1976. *See* Pa.R.C.P. 106. Appellant's preliminary objection, which was filed on September 15, 1976, thus violated the order.

Accordingly, the order of the lower court reinstating the default judgment is affirmed.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

In light of the delay in the pleading of this case which had already occurred, we deem the court's action to have been eminently reasonable.