SMYTH, J.,
Defendant/appellant, the mortgagor, has appealed to the Superior Court of Pennsylvania from an order of this lower court granting plaintiff’s motion for summary judgment in rent in foreclosure upon a mortgage. The mortgagor’s appeal somewhat surprised the court; the parties had not orally argued the motion for summary judgment, having both waived argument under our local rule, Montg.Co.R.C.P. 1035.2(a); see generally Pa.R.C.P. 239.7 (“Every court shall promulgate a local rule, numbered Local Rule 1035.2(a), which describes the court’s procedures for the disposition of motions for summary judgment and which (1) shall set forth the manner in which motions for summary judgment are scheduled, argued[,] and decided . ...”), and the mortgagor’s written opposition to the motion for summary judgment had been desultory — perfunctory at best.
We discovered that, after we entered our order granting summary judgment, the mortgagor’s counsel withdrew and was replaced by new counsel, who filed the appeal. *370 The copy of the notice of appeal served on the undersigned issuing judge did not fully comply with the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 904(c)-(d), and Pa.R.A.P. 906(a)(3)-(4), but we dismissed these violations of the rules as de minimis and proceeded to order the mortgagor, pursuant to Pa.R.A.P. 1925(b), to file and serve a concise statement of the errors complained of on appeal.
The mortgagor, through new counsel, responded to our 1925(b) order by filing a statement raising four issues with our order granting plaintiff’s motion for summary judgment.
The issues are devoid of merit; this opinion addresses them in the context of our grant of judgment.
The general standards that guide decisions on motions for summary judgment appear in the Pennsylvania Rules of Civil Procedure, Pa.R.C.P. 1035.2:
After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law
(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or
(2) if, after the completion of discovery relevant to the motion ... an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.
*371 Also,
[T]he adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion identifying
(1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or
(2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.
Pa.R.C.P. 1035.3(a).
“Summary judgment may be granted only in cases where the record demonstrates beyond any doubt the absence of a genuine issue of material fact and that on the facts adduced, the moving party is entitled to judgment as a matter of law.” Gateway Towers Condo. Ass’n v. Krohn, 845 A.2d 855, 858 (Pa. Super. Ct. 2004) (affirming summary judgment in mortgage foreclosure). “In actions for in rem foreclosure due to the defendant’s failure to pay a debt, summary judgment is proper where the defendant admits that he had failed to make the payments due and fails to sustain a cognizable defense to the plaintiff’s claim.” Id. (citing First Wis. Trust Co. v. Strausser, 439 Pa. Super. 192, 204, 653 A.2d 688, 694 (1995)); accord Cunningham v. McWilliams, 714 A.2d 1054, 1057 (Pa. Super. Ct. 1998); N.Y. Guardian Mortg. Corp. v. Dietzel, 362 Pa. Super. 426, 429, 524 A.2d 951, 952 (1987). “The trial court will be overturned on the entry of summary *372 judgment only if there has been an error of law or a clear abuse of discretion.” Strausser, 439 Pa. Super, at 198, 653 A.2d at 691 (citing Hetrick v. Apollo Gas Co., 415 Pa. Super. 189, 608 A.2d 1074 (1992)); accord, e.g., Atcovitz v. Gulph Mills Tennis Club, Inc., 571 Pa. 580, 585-86, 812 A.2d 1218, 1221-22 (2002) (“Our standard of review is clear: the trial court’s order will be reversed only where it is established that the court committed an error of law or clearly abused its discretion. Summary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The reviewing court must view the record in the light most favorable to the nonmoving party, resolving all doubts as to the existence of a genuine issue of material fact against the moving party. When the facts are so clear that reasonable minds cannot differ, a trial court may properly enter summary judgment” (citations omitted)); Cunningham, 714 A.2d at 1056.
The first issue raised in the statement of matters complained of on appeal contesting the grant of summary judgment posits “that there was a genuine issue as to the material fact of whether the mortgage loan was in default as plaintiff alleged.” (Errors Complained para. 1.) We presume from the statement’s placing this issue first that it is the mortgagor’s strongest or most persuasive issue on appeal, pursuant to the maxim of appellate advocacy, “Give the best argument first,” Lynn Bahrych, Legal Writing in a Nutshell 20, 224 (4th ed. 2009). If so, we are convinced even more than we were previously that this appeal lacks merit, because none is present in this issue.
Plaintiff’s and defendant’s pleadings on the issue of whether the mortgage was in default framed the issue *373 thusly: Plaintiff’s complaint averred,
The mortgage is in default because monthly payments of principal and interest upon said mortgage due 02/01/2010 and each month thereafter are due and unpaid, and by the terms of said mortgage, upon failure of [Mortgagor to make such payments after a date specified by written notice sent to mortgagor, the entire principal balance and all interest due thereon are collectible forthwith.
(Compl. para. 5.) The entirety of the mortgagor’s corresponding response to this averment in his answer to the complaint states that it is “[djenied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment of this paragraph and demands proof thereof.” (Ans. para. 5.)
Initially, we observe that the mortgagor’s answer itself was not timely filed. The Pennsylvania Rules of Civil Procedure provide, generally, “[Ejvery pleading subsequent to the complaint shall be filed within twenty days after service of the preceding pleading.” Pa.R.C.P. 1026(a). Here, plaintiff served the complaint on defendant on May 24, 2012. (Aff. Service, June 12, 2012.) Twenty-nine days later, on June 22, 2012, defendant filed (untimely) preliminary objections to the complaint, see generally Pa.R.C.P. 1028, to which plaintiff responded on June 28,2012. On November 2,2012, defendant withdrew the preliminary objections, but then did not file the answer to the complaint until more than two months later, on January 10, 2013. The timing of defendant’s pleadings alone suggests he may have interposed them mainly for purposes of delaying final judgment. We did not cite the lateness of his pleadings as grounds for granting summary *374 judgment, but have raised the lateness here as a preface to our analysis of whether defendant’s untimely answer properly pled a defense to the complaint in mortgage foreclosure. Cf Peters Creek Sanitary Auth. v. Welch, 545 Pa. 309, 681 A.2d 167 (1996) (finding no abuse of discretion in trial court’s grant of plaintiff’s oral motion to strike answer to complaint filed on eve of trial as late under Pa.R.C.P. 1026(a) despite plaintiff’s failure to move for judgment by default and establishing that party filing late pleading must show just cause for delay before opponent must show prejudice from lateness); Vision Serv. Plan v. Pa. AFSCME, 326 Pa. Super. 474, 474 A.2d 339, appeal after remand, 331 Pa. Super. 217, 480 A.2d 322 (1984) (affirming refusal to open default judgment entered against defendant who tried to file preliminary objections without a supporting brief one day beyond extension granted by plaintiff’s counsel); Delgrosso v. Gruerio, 255 Pa. Super. 560, 389 A.2d 119 (1978) (upholding order reinstating default judgment and dismissing preliminary objections filed one day beyond period trial court had allowed under Pa.R.C.P. 1003 in prior order opening judgment).
We turn to examine the merits of the pleadings. The complaint’s allegation that the mortgage was in default complied with the Rules of Civil Procedure, which provide, in an action in foreclosure, that the complaint shall include “a specific averment of default.” Pa.R.C.P. 1147(a)(4). However, defendant’s denial of default did not comply with the Rules of Civil Procedure, which establish these general requirements for responsive pleadings:
(a) A responsive pleading shall admit or deny each averment of fact in the preceding pleading or any part thereof to which it is responsive. . . . Admissions and *375 denials in a responsive pleading shall refer specifically to the paragraph in which the averment admitted or denied is set forth.
(b) Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. A general denial or a demand for proof, except as provided by subdivisions (c) and (e) of this rule, shall have the effect of an admission.
(c) A statement by a party that after reasonable investigation the party is without knowledge or information sufficient to form a belief as to the truth of an averment shall have the effect of a denial.
Pa.R.C.P. 1029(a)-(c) (emphasis added). (Subdivision (e) of the rule relates solely to actions in tort and is not applicable to this action in foreclosure.) The note to subdivision (c) of the rule explains further that, “Reliance on subdivision (c) does not excuse a failure to admit or deny a factual allegation when it is clear that the pleader must know whether a particular allegation is true or false. See Cercone v. Cercone, 254 Pa. Super. 381, 386 A.2d 1 (1978).” Pa.R.C.P. 1029(c) note.
Applying this rule and the Cercone decision interpreting it, the Superior Court in Dietzel, on appeal from an order granting summary judgment in foreclosure, stated:
With regard to the first issue raised by [AJppellants, we find that the trial court did not err in granting summary judgment as to all issues raised in [Ajppellee’s motion. It is clear that the court was correct in granting summary judgment as to the liability issue. Appellants, in their answer to [Ajppellee’s complaint, admitted that they *376 were behind in their mortgage payments. Likewise, [Appellants’ general denial that they “are without information sufficient to form a belief as to the truth of’ [Appellee’s averment as to the principal and interest due is to be considered an admission of those facts. See Pa.R.C.P. 1029(c); Cercone v. Cercone, 254 Pa. Super. 381, 386 A.2d 1 (1978). Unquestionably, apart from [Appellee, [Appellants are the only parties who would have sufficient knowledge on which to base a specific denial.
362 Pa. Super, at 429, 524 A.2d at 952.
In Strausser, the Superior Court followed Dietzel in holding an answer’s general denials of the allegations of a complaint in mortgage foreclosure likewise, under the Rules of Civil Procedure, constituted admissions of those allegations, warranting the trial court’s grant of summary judgment in foreclosure. The Strausser court stated,
In First Wisconsin’s mortgage foreclosure action against Strausser, the trial court held that there was no genuine issue as to any material fact and that First Wisconsin was entitled to judgment as a matter of law. In reaching this conclusion, the trial court found that Strausser’s responsive pleading was deficient under Pa.R.C.P. 1029....
[[Image here]]
The trial court found that Strausser’s answers to the allegations in First Wisconsin’s [cpmplaint amounted to nothing more than general denials and demands for proof under Pa.R.C.P. 1029(c). As such, the purported denials are deemed admissions pursuant to the provisions of 1029(b) and [Cercone]. After a review of *377 the record, we agree.
For example, First Wisconsin alleged in paragraph six of its complaint that the total amount due on the mortgage was $349,829.96. Strausser simply denied this as a conclusion of law. This court has held, however, that, in mortgage foreclosure actions, general denials by mortgagors that they are without information sufficient to form a belief as to the truth of averments as to the principal and interest owing must be considered an admission of those facts. [Dietzel, 362 Pa. Super, at 429, 524 A.2d at 952]. Our rationale in Dietzel is applicable to the present case. In Dietzel we stated, “[unquestionably, apart from appellee, appellants are the only parties who would have sufficient knowledge on which to base a specific denial.” Id. at 429, 524 A.2d at 952. Further support for this approach is found in the note to subsection (c) of Rule 1029 which provides that “reliance upon subsection (c) does not excuse a failure to deny or admit factual allegations when it is clear that the pleader must know if the allegations are true or not.” We agree with the trial court that this particular denial by Strausser, as well as her remaining general denials to First Wisconsin’s complaint, essentially constituted admissions.
Strausser 439 Pa. Super, a 199-200, 653 A.2d at 691-92 (citation omitted) (quoting City of Phila. v. Hertler, 114 Pa.Commw. 475, 482, 539 A.2d 468, 472 (1988)). The Strausser court addressed the arguments of another mortgagor who had also suffered summary judgment in the court below in similar fashion:
Perlberger contends that the trial court erred when it found that his responsive pleading to First Wisconsin’s *378 [cjomplaint was deficient under Pa.R.C.P. 1029. After a review of the record, we agree with the trial court that Perlberger’s responses amounted to nothing more than general denials which are considered admissions under Pa.R.C.P. 1029(b), the note to Rule 1029(c), and [Cercone].
In addition, Perlberger, in his answer to appellee’s [cjomplaint, admitted that he was delinquent in the mortgage payments. Paragraph six of the [cjomplaint alleges that the total amount due on the mortgage is $349,829.96. Perlberger’s response provides:
6. Admitted in part, denied in part. While the Note requires said payment, answering defendant has been unable to perform his obligations because of the actions of [StrausserJ, and the bad[-J faith actions taken by additional defendant....
Summary judgment is properly granted in mortgage[-J foreclosure actions where the mortgagor admits that he is delinquent in mortgage payments. Dietzel, 362 Pa. Super, at 429, 524 A.2d at 952. Perlberger’s response clearly reveals that he is delinquent in mortgage payments and that the total amount due on the mortgage is $349,829.96. Therefore, the trial court did not err in granting summary judgment against Perlberger.
Strausser, 439 Pa. Super, at 204, 653 A.2d at 694; accord Bank of Am. v. Gibson, 102 A.3d 462, 466-67 (Pa. Super. Ct. 2014) (“Appellant responded with general denials to the material portions of Bank of America’s complaint. General denials constitute admissions where — like here — specific denials are required. Furthermore, ‘in mortgage foreclosure actions, general denials by mortgagors that *379 they are without information sufficient to form a belief as to the truth of averments as to the principal and interest owing [on the mortgage] must be considered an admission of those facts.’ By his ineffective denials and improper claims of lack of knowledge, appellant admitted the material allegations of the complaint, which permitted the trial court to enter summary judgment on those admissions.” (citations omitted) (quoting Strausser, 439 Pa. Super, at 199, 653 A.2d at 692)).
Plaintiff, in its motion for summary judgment and supporting brief, argued that defendant’s general denials of default on the mortgage and the amounts due thereunder constituted admissions of those allegations under Cercone, Dietzel, Hertler, and Strausser, among other authorities. (Mot. Summ. J. paras. 12-13; Pl.’s Br. Supp. Mot. Summ. J. pt. IV. A.) The motion also supported the complaint’s allegations by incorporating an affidavit of an assistant vice president of plaintiff attesting to the facts that defendant had been in default on the mortgage since February 1,2010, and an itemized breakdown of the amounts due and owing (Mot. Summ. J. para. 6 & Ex. B) as well as defendant’s loan history (Mot. Summ. J. para. 7 & Ex. C). These documents also revealed that defendant’s last payment on the mortgage had been applied in June 2010 to the delinquent January 2010 payment, and provided an itemized breakdown of how that last payment had been allocated to principal, interest, and escrow. (Mot. Summ. J. para. 8 & n. 1.)
In his response to the motion for summary judgment, rather than carry his burden to adduce “evidence in the record controverting the evidence cited in support of the motion,” Pa.R.C.P. 1035.3(a)(1), or “evidence in the record establishing the facts essential to the [defense that] *380 the motion cites as not having been produced,” Pa.R.C.P. 1035.3(a)(2), defendant offered mere boilerplate to counter the motion’s arguments that defendant’s general denials of default and amounts due on the mortgage constituted uncontroverted admissions of those facts, stating only “[d]enied[;] defendant’s answer and new matter specifically denied allegations of default” (Ans. Mot. Summ. J. para. 12) and “[d]enied as a conclusion of law to which no response is required” (Ans. Mot. Summ. J. para. 13).
Confronted with a motion for summary judgment setting forth evidence establishing the moving party’s right to relief, “the adverse party may not rest upon the mere allegations or denials of the pleadings,” Pa.R.C.P. 1035.3(a), but must identify evidence controverting the evidence cited in support of the motion or establishing the facts essential to the defense that the motion cites as not having been produced, Pa.R.C.P. 1035.3(a)(l)-(2). “[Pjarties seeking to avoid the entry of summary judgment against them may not rest upon the averments contained in their pleadings. On the contrary, they are required to show, by depositions, answers to interrogatories, admissions[,j or affidavits, that there is a genuine issue for trial.” Wash. Fed. Sav. & Loan Ass ’n v. Stein, 357 Pa. Super. 286, 289, 515 A.2d 980, 981 (1986) (affirming summary judgment in mortgage foreclosure). As defendant’s response to the motion for summary judgment failed to adduce such evidence on the questions of default on the mortgage and the amounts due thereunder, and the general denials of his pleadings constituted judicial admissions of those facts under Strausser, Dietzel, and the other authorities we have cited, this court properly found no genuine issue of material fact as to these questions and entered summary judgment against him.
*381 In attempting to manufacture belatedly on appeal a genuine issue of material fact as to whether the mortgage was in default, defendant’s statement of matters complained of on appeal states,
Defendant denied being in default of his mortgage loan in his answer to the complaint. Plaintiff argued in its motion for summary judgment that defendant’s denials were general and thus deemed admissions. Defendant assumes the court agreed with [plaintiff’s] arguments in granting the motion. Defendant respectfully maintains that this ruling was in error and that his answers should not have been deemed an admission that he was in default, since his denial of being in default was based on his lacking information on how [plaintiff] was applying mortgage payments he had made.
(Errors Complained para. 1.)
This claim advanced in defendant’s statement of matters complained of on appeal improves only negligibly, if at all, upon the boilerplate in defendant’s answer to the complaint that this court properly deemed general denials, and hence admissions, under Pa.R.C.P. 1029, Strausser, and Dietzel, by adding the assertion defendant was “lacking information on how plaintiff was applying mortgage payments he had made.” This assertion does not save the denial of default on the mortgage set forth in paragraph 5 of defendant’s answer to the complaint from being deemed a general denial of the complaint’s specific allegation of default and hence an admission of that fact under Pa.R.C.P. 1029(b) (“A general denial or a demand for proof, except as provided by subdivision (c)... of this rule, shall have the effect of an admission”). Subdivision (c) of the rule provides an exception to subdivision (b)’s *382 prescription that a general denial is deemed an admission only under the following circumstances: “A statement by a party that after reasonable investigation the party is without knowledge or information sufficient to form a belief as to the truth of an averment shall have the effect of a denial.” Pa.R.C.P. 1029(c) (emphasis added). Defendant did not assert in paragraph 5 of the answer to paragraph 5 of the complaint that after “reasonable investigation” he was still in the dark about whether he was in default due to “lacking information on how plaintiff was applying mortgage payments he had made.”
Moreover, even had paragraph 5 of defendant’s answer pled the requisite “reasonable investigation” (which it did not) the purported “[lack of] information on how plaintiff was applying mortgage payments he had made” still would have had nothing to do with whether, as the corresponding paragraph of the complaint alleged, “The mortgage is in default because monthly payments of principal and interest upon said mortgage due 02/01/2010 and each month thereafter are due and unpaid . . . .” (Compl. para. 5.) How plaintiff may have applied previous mortgage payments defendant had made was irrelevant to whether he was in default on the mortgage for failing to make payments for any months since February 1, 2010, and his answer’s general denial of the complaint’s specific allegation of that fact admitted it. Defendant has still not to this day specifically denied plaintiff’s assertion, supported in the motion for summary judgment with the affidavit of plaintiff’s officer and defendant’s loan history, that defendant had not made payments on the mortgage for any months after January 2010. This court properly found that defendant had failed to show any genuine issue of material fact as to whether he was in default on the *383 mortgage, and defendant’s claim to the contrary in his statement of matters complained of on appeal that this court erred in granting summary judgment because there was a genuine issue of material fact as to whether the loan was in default is frivolous.
The second issue raised in defendant’s statement of matters complained of on appeal claims that the order granting summary judgment was in error because defendant denied that his mortgage had been properly assigned to plaintiff, plaintiff had not yet proven a valid assignment at the time summary judgment was granted, and thus there was a genuine issue of material fact as to plaintiff’s “standing to sue.” (Errors Complained para. 2.) This issue too is frivolous; it is also waived.
In paragraph 3 of the complaint, plaintiff specifically pled the parties to and date of the original mortgage, as well as its assignment to plaintiff, and cited the specific place of recordation of both the mortgage and the assignment in the Office of the Recorder of Montgomery County. Plaintiff’s pleading fully complied with the Pennsylvania Rules of Civil Procedure, which provide that, in an action to foreclose upon a mortgage, “The plaintiff shall set forth in the complaint: (1) the parties to and the date of the mortgage, and of any assignments, and a statement of the place of record of the mortgage and assignments . . .” Pa.R.C.P. 1147(a)(1). Moreover, and consequently, as the complaint itself properly pointed out, “The mortgage and assignment(s) ... are matters of public record and are incorporated herein by reference in accordance with Pa.R.C.P. 1019(g); which Rule relieves [plaintiff] from its obligations to attach documents to pleadings if those documents are of public record.” (Comp, para. 3.) The complaint thus supplied its own unassailable *384 interpretation of the rule it invoked, which provides, in pertinent part,
A party may incorporate by reference [in a pleading] any matter of record in any State or Federal court of record whose records are within the county in which the action is pending, or any matter which is recorded or transcribed verbatim in the office of the prothonotary, clerk of any court of record, recorder of deeds [,] or register of wills of such county.
Pa.R.C.P. 1019(g); cf. US Bank v. Mallory, 982 A.2d 986, 992-94 (Pa. Super. Ct. 2009) (Stevens, J.) (holding Pa.R.C.P. 1019 and Pa.R.C.P. 1147 did not require that a pre-formalized assignment of a mortgage be recorded or attached to the complaint and assignee did not have to have recorded assignment to have standing to seek enforcement of mortgage in foreclosure action).
In response to the specific pleading in paragraph 3 of the complaint of plaintiff’s status as assignee of the mortgage, and of the place where the assignment was officially recorded, defendant’s answer pled nothing but the following boilerplate: “Denied. The allegations contained in this paragraph characterize the contents of written documents and no further response is required. The written documents are the best evidence of the contents thereof and speak for themselves.” (Ans. para. 3.) Thus, unless the written documents referred to recorded in the office of the recorder (and later attached to the motion for summary judgment) do not establish plaintiff as the beneficiary of an assignment of the mortgage — an argument not made in this court — the pleadings themselves create no genuine issue of material fact for trial about whether plaintiff had standing as assignee of the mortgage to seek *385 its enforcement in an action in foreclosure.
Plaintiff’smotionforsummaryjudgmentanddefendant’s response thereto did nothing to create a genuine issue of material fact on this issue where none had existed before. Plaintiff’s motion repeated the complaint’s valid pleading that plaintiff was an assignee of the mortgage by virtue of an assignment recorded in the Montgomery County Office of the Recorder (Mot. Summ. J. paras. 3-4) and went a step further by attaching the recorded assignment as an exhibit (Mot. Summ. J. Ex. A2). The motion added only the fact that since the filing of the complaint plaintiff had recorded a corrective assignment, which was also attached to the motion (Mot. Summ. J. para. 5 & Ex. A3). In response to these statements of fact in the motion, defendant’s answer to the motion simply repeated the same tired lines he had offered up in his answer to the complaint, “denying” the allegations as to the recorded mortgage and assignments on the grounds the written documents were the “best evidence” of their contents and “speak for themselves.” (Ans. Mot. Summ. J. paras. 3-5.)
Moreover, in his brief in response to the motion, filed under the mandate of our local rule, Montg. Co. R.C.P. 1035.2(a), as specifically authorized by the Pennsylvania Rules of Civil Procedure, Pa.R.C.P. 239.7(2)(iii), defendant failed to argue that plaintiff’s lack of “standing to sue” or failure to “prove[] [a] valid assignment” was a genuine issue of material fact precluding summary judgment. The entire argument in his brief in opposition to summary judgment as to the genuine issues of material fact that allegedly made summary judgment improper was as follows: “In the case sub judice, defendant, Rafeeq Ahmed, specifically denied the itemization of default and denied receipt of the notice of intention to foreclose and/ *386 or notice of default. Therefore, genuine issues of material facts exist concerning the default of the mortgage and statutory notice of foreclosure.” (Mem. Law Opp’n Mot. Summ. J. 2.)
“Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.” Pa.R.A.P. 302(a). In particular, “[Arguments not raised initially before the trial court in opposition to summary judgment cannot be raised for the first time on appeal.” Rohrer v. Pope, 918 A.2d 122,128 (Pa. Super. Ct. 2007) (Gantman, J.) (quoting Devine v. Hutt, 863 A.2d 1160, 1169 (Pa. Super. Ct. 2004) (alternative holding) (finding argument not raised in brief in opposition to summary judgment waived on appeal)); cf., e.g., Bombar v. W. Am. Ins. Co., 932 A.2d 78, 91-92 (Pa. Super. Ct. 2007) (Stevens, J.) (finding issue waived under Pa.R.A.P. 302(a) where it was not raised in a pretrial memorandum and appellant cited to no other places in the record where issue was preserved). The Superior Court thoroughly reviewed the rationale for this rule of waiver in Harber Philadelphia Center City Office Ltd. v. LPCI Ltd. Partnership, 764 A.2d 1100, 1104-05 (Pa.Super.Ct. 2000) (citations omitted) (quoting Dollar Bank v. Swartz, 540 Pa. 369, 375, 657 A.2d 1242, 1245 (1995)), quoted in Devine, 863 A.2d at 1169 (Gantman, J.):
Our Supreme Court has admonished that “[a]n appellate court does not sit to review questions that were neither raised, tried, nor considered by the trial court.” Although ... the Superior Court has in the past made exceptions to this general rule in appeals from summary judgment, the basis upon which we made such exceptions appears to have been negated by our *387 Supreme Court’s amendment of the summary judgment rules in 1996....
... In cases preceding the promulgation of Rules 1035.2 and 1035.3, we allowed presentation of arguments for the first time on appeal where the non-moving party had failed to file a response to the motion for summary judgment and the trial court granted the undefended motion without conducting an independent review of the record....
... By contrast, under Rule 1035.2 and its corollary, Rule 1035.3, the non-moving party bears a clear duty to respond to a motion for summary judgment. See Pa.R.C.R 1035.3(a)(1), (2) (requiring non-moving party to file a response “within thirty days after service of the motion identifying . . . one or more issues of fact arising from evidence in the record controverting the evidence cited [by the movant] in support of the motion or . . . evidence in the record establishing the facts essential to the cause of action [or defense]”). If the non-moving party does not respond, the trial court may grant summary judgment on that basis. . . . Accordingly, the trial court’s failure to scour the record for every conceivable ground on which to deny summary judgment cannot serve as a basis for appellate review. See Pa.R.C.P. 1035.3(d). Because, under Rule 1035.3, the non-moving party must respond to a motion for summary judgment, he or she bears the same responsibility as in any proceeding, to raise all defenses or grounds for relief at the first opportunity. A party who fails to raise such defenses or grounds for relief may not assert that the trial court erred in failing to address them. . . . The Superior Court, as an error- *388 correcting court, may not purport to reverse a trial court’s order where the only basis for a finding of error is a claim that the responsible party never gave the trial court an opportunity to consider....
. . . More recently, we have reaffirmed the proposition that a non-moving party’s failure to raise grounds for relief in the trial court as a basis upon which to deny summary judgment waives those grounds on appeal. Our application of the summary judgment rules in [Payton v. Pennsylvania Sling Co., 710 A.2d 1221, 1226 (Pa. Super. Ct. 1998),] establishes the critical importance to the non-moving party of the defense to summary judgment he or she chooses to advance. A decision to pursue one argument over another carries the certain consequence of waiver for those arguments that could have been raised but were not. This proposition is consistent with our Supreme Court’s efforts to promote finality, and effectuates the clear mandate of our appellate rules requiring presentation of all grounds for relief to the trial court as a predicate for appellate review. See Pa.R.A.P. 302(a) (“Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.”).
Accord, e.g., Walsh v. Borczon. 881 A.2d 1, 4-6 (Pa. Super. Ct. 2005); see also, e.g., State Farm Mut. Auto. Ins. Co. v. Dill, 108 A.3d 882, 885 (Pa. Super. Ct. 2015) (en banc) (“On appeal, we will not consider assignments of error that were not brought to the tribunal’s attention at a time at which the error could have been corrected or the alleged prejudice could have been mitigated.”), petition for allowance of appeal filed, No. 69 EAL 2015 (Pa. Feb. 11, 2015).
*389 The proposition is also well settled that a party may not raise for the first time an argument not previously made to a lower court by inserting the issue into a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). “A party cannot rectify the failure to preserve an issue by proffering it in response to a Rule 1925(b) order.” Glenbrook Leasing Co. v. Beausang, 839 A.2d 437, 444 (Pa. Super. Ct. 2003) (holding under Pa.R.A.P. 302(a) issue not raised until after summary judgment was granted and then only in a statement of matters complained of on appeal was waived for purposes of appeal), aff’d per curiam, 584 Pa. 129, 870 A.2d 318 (2005).
A Rule 1925(b) statement of matters complained of on appeal is not a vehicle in which issues not previously asserted may be raised for the first time. It is, instead, the vehicle by which an appellant advises the trial court of the previously preserved issues that the appellant will advance on appeal so that the trial court may determine if it needs to write an opinion and to direct the trial court to the issues for which an opinion is needed.
Id. (emphasis added); accord Commonwealth v. Melendez-Rodriguez, 856 A.2d 1278, 1287-89 (Pa. Super. Ct. 2004) (en banc) (unanimous opinion) (holding defendant who fails to object timely and specifically before trial court cannot preserve the issue for appellate review by including the issue in a concise statement of matters complained of on appeal), followed in Commonwealth v. Tejada, 107 A.3d 788 (Pa. Super. Ct. 2015).
There was no genuine issue of material fact for trial as to whether plaintiff had standing to sue in foreclosure as the assignee of the mortgage; plaintiff satisfactorily proved the assignment under the Rules of Civil Procedure, *390 and defendant failed to carry his burden under Pa.R.C.P. 1035.3 to rebut the evidence of the assignment. Moreover, because defendant never asked this lower court to find (until new counsel filed the Pa.R.A.P. 1925(b) statement) that whether plaintiff had proven a valid assignment was a genuine issue of material fact for trial, he waived that issue, and it cannot provide grounds for relief on appeal.
The third issue raised in the Pa.R.A.P. 1925(b) statement is as follows:
Defendant denied plaintiff’s assertion in its motion for summary judgment that he had failed to comply with the requirements of the Homeowner’s Emergency Mortgage Assistance Program (HEMA), and said denial should have been sufficient to establish a genuine issue of a material fact as to whether or not the action was stayed. Defendant respectfully maintains that the court erred in awarding [sjummary [jjudgment while this issue of material fact was in dispute.
(Errors Complained para. 3.) The motion for summary judgment and response filed in this lower court belie this claim as well.
The motion asserted, “The [tjemporary [sjtay as provided by the Homeowner’s Emergency Mortgage Assistance Program, [Act 91 of 1983, 35 P.S. § 1680.403(a), (e),] has terminated because [defendant] has failed to meet with an authorized credit-counseling agency in accordance with Plaintiff’s written notice to him.” (Mot. Summ. J. para. 10.) Plaintiff’s supporting brief set forth and analyzed the statutory authority for the legal consequences attendant upon this factual assertion. (Pl.’s Br. Supp. Mot. Summ. J. pt. D.)
*391 Defendant’s response to the motion, in his typical rote, replied simply, “Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment of this paragraph and demands proof thereof.” (Ans. Mot. Summ. J. para. 10.) Defendant’s brief in support of his response to the motion for summary judgment, as quoted above in our discussion of the second issue raised on appeal, made no mention of the temporary stay of the Homeowner’s Emergency Mortgage Assistance Program as creating a genuine issue of material fact precluding summary judgment.
We respectfully suggest to the honorable Superior Court that defendant’s belated reference in his Pa.R.A.P. 1925(b) statement to the temporary stay of the HEM A program is but one more red herring thrown up after the fact of this lower court’s order granting summary judgment in foreclosure to delay further the consequences of his undeniably defaulting on his mortgage loan. By failing to argue in his brief before this lower court that there was any issue of fact about whether such a stay was in effect or precluded summary judgment, defendant, under the holding of Judge (now President Judge) Gantman in the Devine case and the cases cited in her opinion, has waived any claim that the temporary stay of the HEMA program somehow constituted a genuine issue of material fact rendering our award of summary judgment premature or erroneous. Accord, e.g., Bombar, 932 A.2d at 92-93 (affirming summary judgment); see also, e.g., In re Estate of Whitley, 50 A.3d 203, 209-10 (Pa. Super. Ct. 2012) (Gantman, J.) (“’This court will not consider the merits of an argument which fails to cite relevant case or statutory authority.’ Failure to cite relevant legal authority constitutes waiver of the claim on appeal.” (citation *392 omitted) (quoting Iron Age Corp. v. Dvorak, 880 A.2d 657, 665 (Pa. Super. Ct. 2005))).
Fourthly and finally, defendant claims that the amount of damages awarded in our order granting summary judgment ($177,360.36 plus interest and costs) was improper because the amount of such damages was a material fact in dispute despite the in rem nature of the proceedings in mortgage foreclosure. (Errors Complained para. 4.) Our discussion of the first issue — whether there was a genuine issue of material fact about defendant’s being in default on the mortgage — serves to dispose of this issue as well. Defendant’s denial of the itemized amounts plaintiff’s complaint claimed to be due and owing on the mortgage (Compl. para. 6) was nothing but a general denial (Ans. para. 6) that, under Gibson, Strausser, Dietzel, and Pa.R.C.P. 1029(b), (c) & note, constituted a judicial admission that the amount claimed to be due was correct. Defendant was no more specific in denying the amounts claimed due in his answer to the motion for summary judgment (Ans. Mot. Summ. J. paras. 1,13) and thus also effectively admitted the amount of damages sought in the motion as set forth in plaintiff’s proposed order and attached affidavit of plaintiff’s officer (Mot. Summ. J. Ex. B) (the amount our order awarded), which had been revised and updated to reflect additional interest and charges that had accumulated in the two-plus years between the filing of the complaint and the filing of the motion for summary judgment.
Moreover, as our Pennsylvania Supreme Court explained in Landau v. Western Pennsylvania National Bank, 445 Pa. 217, 282 A.2d 335 (1971) (unanimous opinion), which we cited in our order granting summary judgment, even where mortgagors never admit in their pleadings the amount of *393 indebtedness in a mortgage-foreclosure action, there is no genuine issue as to damages and summary judgment for a sum certain is proper where it is admitted that the mortgage was in default, that the mortgagors had failed to pay their interest on the obligations since a specified date, and that the recorded mortgage was in a specified amount. 445 Pa. at 225-26, 282 A.2d at 340. “The debt owed on the mortgage changed and can be expected to change from day to day .... Judgment in a mortgage^] foreclosure action must be entered for a sum certain or no execution could ever issue on it.” Id., followed in Cunningham, 714 A.2d at 1057 (affirming summary judgment in mortgage foreclosure).
The four issues raised in the mortgagor’s statement of matters complained of on appeal to contest our grant of plaintiff’s motion for summary judgment in mortgage foreclosure provide no valid arguments for overturning the summary judgment, and/or are waived for purposes of appeal. We respectfully suggest the honorable Superior Court should affirm our order entering summary judgment.