## Mott, Appellant, v. Sewickley Savings and Loan Association.

Argued November. 16, 1967. Before ERVIN, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ. (WRIGHT, J., absent).

*Allen N. Brunwasser,* for appellant.

*James Victor Voss,* with him *Thomas W. Neely, Jr.,* and *Neely and Voss,* for appellee.

OPINION BY WATKINS, J., December 14, 1967:

On December 7, 1966, appellant filed her complaint in assumpsit against the appellee, alleging that appellee received money from agents of appellant's husband, as payment on a mortgage in which the husband alone was the mortgagor, knowing or having reason to know part of the money belonged to appellant, and asking for an accounting and restitution of the money illegally paid.

The appellee filed preliminary objections to the complaint in the nature of a demurrer and motion to strike and argued the complaint failed to state a cause of action, was vague, and sounded in equity not assumpsit.

The court below, after argument, entered an order dismissing the complaint and denying the appellant leave to amend.

The court below was correct in finding that the complaint in its present condition did not clearly set forth a cause of action; however, it did contain the seed which, with proper amendment, could mature into an acceptable complaint.

Rule 1033 of the Pennsylvania Rules of Civil Procedure is as follows: "A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted."

Also our Supreme Court in *Bogert v. Allentown Housing Authority,* 426 Pa. 151, 231 A. 2d 147 (1967), stated the present attitude of the court regarding permitting amendments of complaints, at page 157, as follows: "In Posternack v. American Casualty Co. of Reading, 421 Pa. 21, 24, 218 A. 2d 350 (1966), we recently said: 'It has long been the law in this Commonwealth that an amendment to the pleadings is a matter of judicial discretion: Yentzer v. Taylor Wine Co., Inc., 409 Pa. 338, 186 A. 2d 396 (1962). By the same token, it is equally well established that such amendments should be liberally allowed except where surprise or prejudice to the other party will result, or where the amendment is against a positive rule of law. See, Schaffer v. Larzelere, 410 Pa. 402, 189 A. 2d 267 (1963), and Kilian v. Allegheny Co. Dis., 409 Pa. 344, 185 A. 2d 517 (1962).' "

We do not presume to pass upon the merits of this case but simply determine that appellant be given an

opportunity to amend her complaint to show, if they can, a proper cause of action.

Order reversed and the matter remanded to the court below for the purpose of permitting the appellant to amend her complaint, if she now desires, as directed by the court below.   Costs to be borne by appellant.