Zeigler Lumber and Supply Company, Appellant,
*v.* Golden Triangle Development Company,
Incorporated.

Argued April 9, 1974. Before WATKINS, P. J., JA-COBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Louis Vaira,* with him *Erik F. Lawson, Jr.,* for appellant.

*Robert D. Barozzini,* with him *Strassburger & McKenna,* for appellee.

OPINION BY JACOBS, J., September 23, 1974:

This is an appeal from the lower court's orders striking appellant's mechanics' lien from the record and denying appellant's petition to amend the mechanics' lien. We find that appellant should have been permitted to amend.

Appellant, a subcontractor, filed a claim for a mechanics' lien under the Mechanics' Lien Law of 1963[1]

---

[1] Act of August 24, 1963, P. L. 1175, No. 497, art. I, §§101 *et seq.,* 49 P.S. §§1101 *et seq.*

for labor and materials furnished to defendant in connection with the erection of a new building. As required by §503 of the Mechanics' Lien Law of 1963, appellant in its claim for a lien alleged that formal notice of its intention to file a claim was served upon defendant on December 8, 1972. Appellant's claim was filed on December 29, 1972. Section 501(b) of the act sets forth that "[n]o claim . . . shall be valid unless, at least thirty (30) days before the same is filed, [the subcontractor] shall have given to the owner a formal written notice of his intention to file a claim . . . ." One of defendant's preliminary objections to appellant's claim was that formal notice as provided for by §501(b) was not properly given to the defendant. Appellant's answer to the preliminary objections maintained that notice of its intention to file a claim was also given to defendant on November 21, 1972, which was 38 days before the claim was filed. Thereafter, appellant petitioned the court to amend its claim to allege that "[o]n November 21, 1972, formal notice of intention to file this Lien was given to the [defendant]." The court below sustained defendant's preliminary objections, struck the lien, and refused to allow appellant to amend the claim. This appeal followed.

We agree with the lower court that appellant's claim was defective on its face. Section 501(b) explicitly provides that no claim shall be valid unless at least 30-days' notice of the intention to file a claim is given to the owner before the claim is filed. Section 503 requires a party-claimant to state in the claim the date when such notice was given. In the present case, appellant's claim alleged that notice of intention was given on December 8, 1972. Since the claim was filed only 21 days later, it did not comply with the statute and, unless amendment was permitted, was subject to be stricken. *See S. L. Shanaman, Inc. v. Churgai*, 84

Montg. 24 (Pa. C.P. 1964); *Wemak Lumber & Hardware Co. v. Knopf,* 44 West. 135 (Pa. C.P. 1961); *see also* 12 *Standard Pennsylvania Practice* 154 (1964).

However, we believe that the court below abused its discretion in denying appellant's petition to amend its claim. Section 504 of the Mechanics' Lien Law of 1963, on amendment of claims, reads: "A claim may be amended from time to time without prejudice to intervening rights by agreement of the parties or by leave of court, except that no amendment shall be permitted after the time for filing a claim has expired which undertakes to: (1) substitute a different property than that described in the claim; or (2) substitute a different party with whom the claimant contracted; or (3) increases the aggregate amount of the claim."

In this case, appellant did not seek to change the parties or property or increase the amount of the claim, but merely attempted to aver an earlier date when notice of its intention to file a claim was actually given to defendant. Although such an amendment requires "leave of the court," §504 should be liberally construed in favor of the allowance of the amendment. *Joseph L. Giannini & Co. v. Scavitto,* 53 Del. 88 (Pa. C.P. 1965). By analogy, Rule 1033 of the Pennsylvania Rules of Civil Procedure also permits a party "by leave of court" to amend a pleading; however, our Court has added that "amendments should be liberally allowed except where surprise or prejudice to the other party will result, or where the amendment is against a positive rule of law." *Mott v. Sewickley Sav. and Loan Ass'n,* 211 Pa. Superior Ct. 357, 359, 236 A.2d 541, 542, *allocatur refused,* 211 Pa. Superior Ct. *xxxvii* (1967); *see also Schaffer v. Larzelere,* 410 Pa. 402, 189 A. 2d 267 (1963). We find that no surprise or prejudice to defendant would result nor would any rule of law be violated by allowing the amendment. Moreover, our Court,

552

under the prior mechanics' lien law,[2] permitted the amendment of a claim for a mechanics' lien, after the time for its filing had elapsed, to aver that notice had been given to the owner of the intention to file a lien where such averment had been entirely omitted from the claim. *Heist v. Montayne (No. 1)*, 53 Pa. Superior Ct. 611 (1913). As we noted in *Mott v. Sewickley Savings and Loan Association*, supra, we do not presume to pass upon the merits of this case, but simply determine that appellant should be given the opportunity to amend its claim to aver the date on which it claims actual notice was given.

The orders of the lower court are reversed.

---

[2] Act of June 4, 1901, P. L. 431, §§1 *et seq.*, *repealed*, Act of August 24, 1963, P. L. 1175, No. 497, art. IX, §901, 49 P.S. §§1 *et seq.*