J-A25022-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| HEIDELBERG MATERIALS NORTHEAST, LLC, F/K/A HANSON AGGREGATES PENNSYLVANIA, LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | No. 1042 EDA 2024 |
| | : | |
| IPT ALLENTOWN DC, LLC, AND IPT ALLENTOWN DC II, LLC | : | |
| v. | : | |
| | : | |
| BLUE ROCK CONSTRUCTION, INC. | : | |

Appeal from the Order Entered March 6, 2024
In the Court of Common Pleas of Lehigh County Civil Division at No(s):
2021-M-0053

| | | |
|---|---|---|
| HEIDELBERG MATERIALS NORTHEAST, LLC, F/K/A HANSON AGGREGATES PENNSYLVANIA, LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | No. 1043 EDA 2024 |
| | : | |
| IPT ALLENTOWN DC, LLC, AND IPT ALLENTOWN DC II, LLC | : | |

Appeal from the Order Entered March 6, 2024
In the Court of Common Pleas of Lehigh County Civil Division at No(s):
2021-M-0054

| | | |
|---|---|---|
| HEIDELBERG MATERIALS NORTHEAST, LLC, F/K/A HANSON AGGREGATES PENNSYLVANIA, LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |

J-A25022-24

                                          :
                                          :
                                          :
              v.                          :
                                          :       No. 1044 EDA 2024
                                          :
                                          :
    IPT ALLENTOWN DC II, LLC              :

                  Appeal from the Order Entered March 6, 2024
         In the Court of Common Pleas of Lehigh County Civil Division at No(s):
                                   2021-M-0055

BEFORE:  OLSON, J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY DUBOW, J.:                           **FILED APRIL 14, 2025**

       Appellant, Heidelberg Materials Northeast, LLC, f/k/a Hanson

Aggregates Pennsylvania, LLC, appeals from the March 6, 2024 order entered

in the Lehigh County Court of Common Pleas granting summary judgment in

favor of Appellees, IPT Allentown DC, LLC ("IPT"), IPT Allentown DC II, LLC

("IPT II"), and Blue Rock Construction, Inc., in these consolidated cases.  After

review, we reverse the grant of summary judgment and remand for the trial

court to address Appellant's request to amend its lien claims pursuant to the

Mechanics' Lien Law of 1963.[1]

       This case involves the construction of three warehouses across three

adjoining parcels of land.  IPT owns two of the parcels, and IPT II owns the

third parcel.  IPT and IPT II engaged Blue Rock to serve as general contractor

"on the entire project."  Trial Ct. Op., 3/6/24, at 2.  Blue Rock then contracted

with Dobrinski Brothers, Inc. who subcontracted with Appellant, "to provide

_____

[1] 49 P.S. §§ 1101-1902.

asphalt, labor, and materials to construct the parking lots and entranceways at each of the three warehouses." *Id.* at 3.

On December 8, 2021, Appellant filed a mechanics' lien claim against each of the three properties, claiming $1,276,132.10 on each property. The claims were "identical in terms of the services provided and the amount sought," with the $1,276,132.10 constituting the total amount owed for labor and materials across the three properties. *Id.* at 4-5 (internal quotation marks omitted).

On January 25, 2022, the court approved the parties' joint stipulation to consolidate the cases and permit Blue Rock to intervene and discharge the liens against IPT and IPT II's properties by filing a single bond for the consolidated claims.[2] The parties agreed that "the three cases [arose] out of substantially the same claims and raise[d] substantially the same questions of fact and law[.]" Joint Stipulation, 1/25/22, at 2 (unpaginated).

On March 30, 2022, Appellant filed a complaint to enforce the lien claims against IPT, IPT II, and Blue Rock (collectively "Appellees"). In its answer and new matter, Blue Rock asserted that the liens overstated Appellant's claims by 300% because they asserted the total due in each of the three claims. Blue Rock Answer and New Matter, 7/21/22, at ¶ 12. Blue Rock maintained that the total amount should have been apportioned between the three liens

---

[2] Specifically, Blue Rock provided a bond of $2,552,264.20, double the total amount claimed by Appellant, pursuant to 49 P.S. § 1510(d) (permitting discharge of the lien based upon "security in lieu of cash" "in double the amount of the required deposit").

because the projects did not constitute "a single business or residential plant" as required by the Mechanics' Lien Law, 49 P.S. § 1306(b). *Id.* at ¶ 36. Based on this claim, Appellees argued that the liens did not comply with the Mechanics' Lien Law.

In June 2023, following discovery, Appellant filed for partial summary judgment, and Appellees filed for summary judgment. Importantly, in response to Appellees' motion for summary judgment, Appellant argued that the court "should permit [Appellant] leave to amend the lien claims to allow for apportionment of the claims." Appellant's Brief in Opposition to Blue Rock's Motion for Summary Judgment, 7/13/23, at 11-12 (citing 49 P.S. § 1504); Appellant's Response to Blue Rock's Motion for Summary Judgment, 7/13/23, at ¶ 22.

On March 6, 2024, the trial court granted Appellees' motion for summary judgment and dismissed Appellant's motion for partial summary judgment as moot. The court relied upon Section 1306(b) of the Mechanics' Lien Law, which requires a claimant to apportion the total debt between separate claims, if the "debt is incurred for labor or materials furnished by the same claimant for work upon several different improvements which do not form all or part of a single business or residential plant[.]" Trial Ct. Op. at 7 (quoting 49 P.S. § 1306(b)). The court concluded that Appellant should have filed either a single lien for the total amount, if the project constituted a single business plant, or three separate liens apportioning the total amount amongst the three parcels, if it did not constitute a single business plant. Trial Ct. Op. at 8.

Finding that Appellant did not strictly comply with the Mechanics' Lien Law in filing its lien claims, the trial court granted summary judgment to Appellees, striking the three lien claims and dismissing Appellant's complaint. Notably, the court did not address Appellant's request to amend the lien claims.

On April 3, 2024, Appellant filed three notices of appeal. Appellant additionally filed a motion to consolidate the appeals, which this Court granted. Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

1. Whether the [t]rial [c]ourt erred by ruling that [Appellant] failed to comply with the requirements of the Mechanics' Lien Law of 1963 by filing three separate mechanics' liens against three different parcels for the entire amount claimed to be owed when there were three separate parcels with two different owners of the parcels on which work was performed, the amount claimed was pursuant to one contract, and the outstanding balance could not be partitioned at the time of filing of the mechanics' liens?

2. Whether the [t]rial [c]ourt erred by ruling that [Appellant] failed to comply with the requirements of the Mechanics' Lien Law of 1963 by filing three separate mechanics' liens against three different parcels for the entire amount claimed to be owed when Blue Rock and [Appellant] stipulated to the claim amount and where the three actions were consensually consolidated into a single action in which the three claims were consolidated into a single claim, with the amount of claim in the consolidated action amounting to a single recovery as permitted under the Mechanics' Lien Law of 1963?

3. Whether the [t]rial [c]ourt erred by failing to consider whether [Appellant] was permitted, as it requested, to amend the mechanics' lien claims pursuant to Section 504 of the Mechanics' Lien Law of 1963 as requested by [Appellant's] Response to Blue Rock's Motion for Summary Judgment?

- 5 -

4. Whether the [t]rial [c]ourt erred in not determining that by posting a single bond discharging the mechanics' lien claims that Blue Rock waived its ability to assert that the mechanics' lien claims had been improperly filed and rendered the issue moot?

Appellant's Br. at 5-6.

We address Appellant's third issue first, as we conclude it is dispositive of the appeal. In this issue, Appellant argues that the trial court erred in granting Appellees summary judgment without addressing Appellant's request to amend its lien claims pursuant to the Mechanics' Lien Law. *Id.*

"[S]ummary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Summers v. Certainteed Corp.*, 997 A.2d 1152, 1159 (Pa. 2010) (citation omitted). Appellate courts review a trial court's grant of summary judgment for "error of law or an abuse of discretion." *Id.* (citation omitted). A trial court's determination of "whether there are no genuine issues as to any material fact presents a question of law." *Id.* Therefore, "our standard of review is *de novo*[,]" and our scope of review is plenary. *Id.* (citation omitted). In evaluating summary judgment motions, courts "must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party." *Id.*

This case involves the Mechanics' Lien Law, which created a statutory remedy, unknown at common law, permitting a contractor or subcontractor to obtain a priority lien on property for the labor and materials the claimant invested in that property. *See Terra Firma Builders, LLC v. King*, 249 A.3d

976, 983 (Pa. 2021); *El-Gharbaoui v. Ajayi*, 260 A.3d 944, 961 (Pa. Super. 2021). As mechanics' liens are "extraordinary remedies[,]" "a contractor seeking the benefit of the lien must judiciously adhere to the requirements of the Mechanics' Lien Law in order to secure a valid and enforceable lien." *Terra Firma Builders, LLC*, 249 A.3d at 983 (citation and internal quotation marks omitted).

While imposing various requirements on claimants, the Mechanics' Lien Law also provides for amendment of lien claims:

> A claim may be amended from time to time without prejudice to intervening rights by agreement of the parties or by leave of court, except that no amendment shall be permitted after the time for filing a claim has expired which undertakes to:
>
> > (1) substitute a different property than that described in the claim; or
> >
> > (2) substitute a different party with whom the claimant contracted; or
> >
> > (3) increase the aggregate amount of the claim.

49 P.S. § 1504. The 1964 commentary to Section 1504 explains that the intent of clause 3, which prohibits amendments increasing the aggregate amount of the claim, was to clarify "that so long as the total amount of the claim is not increased, amendments which change itemizations or break down lump sums are permissible." *Id.* at cmt. This Court has opined that Section 1504 "should be liberally construed in favor of the allowance of the amendment." *Zeigler Lumber & Supply Co. v. Golden Triangle Development Co., Inc.*, 326 A.2d 524, 525 (Pa. Super. 1974).

As stated, Appellant asserts that the trial court abused its discretion in granting summary judgment against it without first addressing its request to amend the lien claims by apportioning the total amount amongst the three claims, pursuant to Section 1504 of the Mechanics' Lien Law. Appellant's Br at 31-33. Appellant requested to amend the claims in its brief in response to Appellee's motion for summary judgment, but the trial court did not address the request. Appellant's Response to Summary Judgment Motion, 7/13/23, at ¶ 22; Appellant's Brief in Opposition to Summary Judgment Motion, 7/13/23, at 11-13.

Appellant asserts that none of the exceptions to Section 1504's amendment provision apply to the instant case as it is not attempting to substitute a different property or party or to increase the aggregate amount of the claim. Appellant's Br. at 32. Additionally, it maintains that Blue Rock would not suffer prejudice due to the amendment, given that Blue Rock utilized the total amount as the basis for its bond when it sought intervention in the joint stipulation. *Id.* at 27-28.

After review, we conclude that the trial court abused its discretion in failing to address Appellant's request to amend. We observe that Section 1504 provides for permissive amendment so long as the opposing party would not suffer prejudice and the case does not fall within the three exceptions. None of the exceptions are applicable in this case. Notably, Appellant did not seek to substitute a different property or party nor to increase the aggregate amount of the lien. Accordingly, we reverse the order granting summary

judgment to Appellees and remand for the trial court to address Appellant's request to amend its lien claims.

Order reversed.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/14/2025